Carmen BRYANT, Plaintiff–Appellant,

v.

**J.D. BRITT and Mattie Britt, Defendants–Appellees.**

**Docket No. 04–4669–CV.**

United States Court of Appeals, Second Circuit.

Argued May 10, 2005.

Decided Aug. 23, 2005.

Richard L. Baumgarten, Buffalo, NY, for Plaintiff–Appellant.

Scott C. Billman, Hurwitz & Fine, P.C., Buffalo, NY, for Defendants–Appellees.

Before: WALKER, Chief Judge, FEINBERG and RAGGI, Circuit Judges.

PER CURIAM.

Plaintiff–Appellant Carmen Bryant appeals from a decision and order of the United States District Court for the Western District of New York (William M. Skretny, *Judge*) denying her motion for attorney's fees and costs under 28 U.S.C. § 1447(c), and for sanctions under Fed. R.Civ.P. 11. We find that Bryant's arguments on appeal are without merit and accordingly affirm the judgment of the district court. We write to clarify that a district court has jurisdiction to consider a motion for fees and costs under § 1447(c), even after it has remanded a case to state court.

## BACKGROUND

Bryant, a citizen of California, sued J.D. and Mattie Britt, citizens of New York, in a tort action initially filed in New York state court. Shortly thereafter, the Britts removed the case to the federal district court on the basis of diversity between the parties. On January 5, 2004, Bryant filed a motion to remand the case, pointing out that, as citizens of New York, the Britts could not remove the action to federal court on diversity grounds because they had been sued in New York. *See* 28 U.S.C. § 1441(b). On January 15, the Britts sent a letter to Bryant informing her that they were willing to stipulate to a remand to state court. Bryant refused to sign the stipulation, however, apparently because she believed doing so would preclude any subsequent effort on her part to recover attorney's fees or costs from the Britts. On January 26, the Britts proceeded to file opposition papers to Bryant's motion to remand, in which they claimed that Bryant's motion was untimely. On May 26, the district court entered a judgment granting Bryant's motion to remand, noting that the Britts were undisputedly citizens of New York and therefore not entitled to remove the case to federal court. The district court found that the Britts' untimeliness argument was "completely

without merit," noting that the Britts had miscalculated the thirty-day deadline established by § 1447(c).[1]

On June 4, approximately one week after the case had been remanded to state court, Bryant filed with the district court a motion seeking attorney's fees and costs under § 1447(c) and sanctions under Fed. R.Civ.P. 11, based on the Britts' "meritless motion practice." On July 23, the district court denied the motion. The court reasoned that the Rule 11 motion failed because Bryant had not first served it on the Britts and given them twenty-one days to withdraw their notice of removal, as is required by the rule. *See* Fed.R.Civ.P. 11(c)(1)(A). With regard to § 1447(c), the district court explained: "This Court, in the exercise of its discretion, finds that an award of costs and/or fees would be inappropriate. The circumstances of removal and conduct of counsel in this particular case do not warrant such an award." In a footnote, the court added: "Moreover, there is some question as to whether this Court has subject matter jurisdiction to grant a request for fees under § 1447(c)."

Bryant appealed.

## DISCUSSION

While we agree with the Britts that the district court did not err in refusing to award Bryant fees and costs under either Rule 11 or § 1447(c),[2] and thus affirm the district court, we disagree with the Britts' assertion that the district court lacked jurisdiction to entertain Bryant's motion for sanctions and attorney's fees in the first place. The Britts contend in this regard that, because the district court had already remanded Bryant's case to the state court, it was without power to resolve the issues raised in any subsequent motion filed by Bryant.

█ It is clear that the district court had jurisdiction to deal with Bryant's motion for Rule 11 sanctions on the merits. In *Cooter & Gell v. Hartmarx*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Supreme Court held that a court has jurisdiction to impose sanctions under Rule 11 after a case has been voluntarily dismissed pursuant to Fed.R.Civ.P. 41(a)(1). The Court remarked that

[i]t is well established that a federal court may consider collateral issues af-

---

1. The district court also found that Bryant's motion was not subject to the thirty-day deadline in § 1447(c) because it sought remand on the grounds that the district court lacked subject-matter jurisdiction over the case. *See* § 1447(c) ("[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."). The district court incorrectly assumed that a remand motion based on § 1441(b) implicated the court's subject-matter jurisdiction. *See Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 313 (2d Cir.2005)("[S]ection 1441(b)'s rule against removal where a defendant is a citizen of the forum [is] a procedural rule and [is] not jurisdictional."). Nevertheless, remand was appropriate in light of the district court's alternative determination that Bryant's motion was filed within thirty days of the notice of removal.

2. At oral argument, Bryant conceded that the district court did not err in refusing to grant her motion for Rule 11 sanctions. In any event, given that Bryant failed to comply with Rule 11(c)(1)(A), *see supra*, we find no error in the district court's decision. Our review of the district court's refusal to award fees or costs under § 1447(c) is for abuse of discretion, and affords considerable deference to the district court. *See Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir.1992) ("[Section 1447(c) ] as a whole . . . affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees."). We find that the district court did not abuse its discretion under the circumstances of this case.

ter the action is no longer pending. For example, district courts may award costs after an action is dismissed for lack of jurisdiction. This court has indicated that motions for costs or attorney's fees are independent proceedings supplemental to the original proceeding and not a request for modification of the original decree. Thus, even years after the entry of a judgment on the merits a federal court could consider an award of counsel fees.... Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

*Id.* at 395–96, 110 S.Ct. 2447 (internal quotation marks and citation omitted). Nothing in *Cooter & Gell* limits its observations concerning collateral jurisdiction over Rule 11 motions to dismissals under Fed. R.Civ.P. 41(a)(1). In fact, the Supreme Court, citing *Cooter & Gell,* has subsequently held that district courts have jurisdiction over Rule 11 motions where the district court has remanded a case to state court. *See Willy v. Coastal Corp.,* 503 U.S. 131, 137–38, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). It follows that in Bryant's case the district court was not deprived of jurisdiction to resolve the collateral issue of Rule 11 sanctions by virtue of its earlier order remanding the suit.

■ While the principle articulated in *Cooter & Gell* generally applies to Bryant's motion for attorney's fees and costs under § 1447(c) as well, *cf. Tancredi v. Metro. Life Ins. Co.,* 378 F.3d 220, 225–26 (2d Cir.2004) (district court had jurisdiction to award attorney's fees after filing of notice of appeal); *In re Austrian & German Bank Holocaust Litig.,* 317 F.3d 91, 98 (2d Cir.2003) (district court had jurisdiction to award attorney's fees after case had been dismissed), there is language peculiar to § 1447(c) that could be construed as limiting a district court's power to grant such a motion subsequent to remand. The section provides that

[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. § ]1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.* A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c) (emphasis added). The meaning of the italicized sentence is not self-evident. *See* 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3739, at 490 (3d ed.1998). It might reasonably be construed to provide that a district court remanding a case under § 1447(c) may only require payment of costs and expenses (to the extent it does so at all) in the order of remand itself. The sentence says that "[a]n order remanding the case may require," not "the district court may require," and thus could be read to imply a limitation on the district court's ability to act after the remand order has issued. On the other hand, the language that "[a]n order ... may," rather than *must,* "require payment" suggests that the provision is permissive and enabling, rather than mandatory and exclusive. *Cf.*

*Christensen v. Harris County*, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000). Furthermore, we might read the word "require" to mean "call for"—as in, "a parking violation may require the payment of a fine." Such a construction would remove from the statute the inference that a fee award, if any, must be part and parcel of the district court's decision to remand.

This latter construction appears to reflect the generally understood meaning of § 1447(c) prior to 1988, when it was amended to its current form by the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4642 (1988). The pre–1988 statute provided that

> [i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, *and may order the payment of just costs.* A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court.

28 U.S.C. § 1447(c)(1982)(emphasis added). As one might expect from its relatively straightforward language, the pre-amendment statute had been construed in this circuit so as to allow a district court to award costs subsequent to remand. *See, e.g., Carey v. Carey,* No. 81 Civ. 4966, 1981 U.S. Dist. LEXIS 15869 (S.D.N.Y. Nov. 17, 1981); *Kaufman v. Republic Nat'l Bank of New York,* No. 81 Civ. 1115, 1981 U.S. Dist. LEXIS 13038 (S.D.N.Y. June 2, 1981). We find it significant that there is no suggestion in the legislative history of the 1988 amendment, or elsewhere, that Congress intended to change this practice. The primary goal of the amendment to this portion of § 1447(c), it seems, was to make it clear that all expenses, including attorney's fees, might be recovered in the event of a remand in addition to (or as a part of) "just costs." *See* H.R. Rep. 100–889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033.[3] There is no indication that Congress, by altering the wording of the statute, sought to abrogate a court's ability to issue an order pertaining to costs or expenses subsequent to remand.

In light of this fact, as well as the general jurisdictional rule regarding fee motions described in *Cooter & Gell,* we hold that a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued.[4] All of the other circuits that have addressed the question have reached the same conclusion. *See, e.g., Wisconsin v. Hotline In-*

---

**3.** The House Report explains that "the proposed amendment to section 1447(c) will ensure that a substantive basis exists for requiring payment of actual expenses incurred in resisting an improper removal; civil rule 11 can be used to impose a more severe sanction when appropriate." H.R. Rep. 100–889, at 72. Later, the report reiterates that

> [t]he proposal also would amend section 1447(c) to ensure that the court may order payment of actual expense caused by an improper removal. As noted above, this provision would replace the bond provision now set out in section 1446(d), which covers payment of "all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case

was not removable or improperly removed."
*Id.*

**4.** Because the issue is not presented by this case, we do not decide whether any such motion must be made within fourteen days of the remand order. *See* Fed.R.Civ.P. 54(d)(2)(B) ("Unless otherwise provided by statute or order of the court, the [attorney's fees] motion must be filed no later than 14 days after entry of judgment ...."); *id.* 54(a) (" 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."); 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it is removed is not reviewable on appeal or otherwise ....").

*dus., Inc.,* 236 F.3d 363, 365 (7th Cir.2000); *Stallworth v. Greater Cleveland Reg'l Trans. Auth.,* 105 F.3d 252, 255–57 (6th Cir.1997); *Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1258–59 (3d Cir.1996); *Moore v. Permanente Med. Group,* 981 F.2d 443, 445 (9th Cir.1992); *see also M.D.C. Wallcoverings v. State Bank of Woodstock,* 771 F.Supp. 242, 243–44 (N.D.Ill.1991).

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.