**Susan RYNEARSON, Plaintiff,**

v.

**MOTRICITY, INC., Defendant.**

**Case No. C08–1138MJP.**

United States District Court,
W.D. Washington,
at Seattle.

March 6, 2009.

Clifford A. Cantor, Sammamish, WA, Michael J. Aschenbrener, Rafey S. Balabanian, Kamber Edelson LLC, Chicago, IL, for Plaintiff.

Kit W. Roth, Stellman Keehnel, DLA Piper U.S. LLP, Seattle, WA, Russell B. Morgan, Bradley Arant Boult Cummings LLP, Nashville, TN, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

MARSHA J. PECHMAN, District Judge.

This matter comes before the Court on Plaintiff's Motion to Remand. (Dkt. No. 9.) Having considered the motion, Defendant's response (Dkt. No. 25), Plaintiff's reply (Dkt. No. 27), the documents submitted in support, and the parties' oral arguments, the Court GRANTS the motion to remand.

### Background

Susan Rynearson, a citizen of Florida, filed this putative class action in King County Superior Court. (Dkt. No. 1 at 2–3.) Defendant Motricity is a Delaware corporation with its principle place of business in Washington. (*Id.* at 3.) Motricity represents providers of mobile content in dealing with wireless carriers whose networks and billing services the providers use. (*Id.* at 12–14.) Because Defendant serves as the middle-man and receives a fee per content transaction billed to cellular telephone users, Plaintiff alleges that Defendant facilitated placing unauthorized charges for mobile content on customers' bills. (*Id.* at 10–15.) Plaintiff seeks damages, treble damages under the Washington Consumer Protection Act, restitution,

interest, litigation expenses and attorneys' fees, and injunctive and/or declaratory relief. (*Id.* at 10, 20–21.) Defendant filed a notice of removal claiming jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). (*Id.* at 2)

## Discussion

■■■ Under CAFA, federal courts have jurisdiction over class actions where there is minimal diversity, the putative class has at least one hundred members, and the aggregated relief requested exceeds $5,000,000 exclusive of interest and costs. 28 U.S.C. § 1332(d). Plaintiff does not contest class numerosity or minimal diversity. (Dkt. No. 9 at 3.) There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). The burden of proving the amount in controversy depends on what the plaintiff has pleaded: (1) when the complaint does not specify an amount of damages, the party seeking removal must prove the amount in controversy by a preponderance of the evidence; (2) when the complaint alleges damages in excess of the jurisdictional requirement, the requirement is presumptively satisfied unless it appears to a 'legal certainty' that the claim is actually for less than the amount in controversy requirement; and, (3) when the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 998, 1000 (9th Cir.2007). Because Plaintiff did not plead a specific amount of damages, Defendant bears the burden of proving that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence. *Id.*

Plaintiff's complaint includes a generalized prayer for injunctive and declaratory relief "as is necessary to protect the interests of plaintiff and the Class." (Dkt. No. 1 at 21.) In a separate section describing the "conduct complained of," Plaintiff suggests that Defendant could safeguard against unauthorized charges if it:

> [A]gree[s] to process a unique 'access code' for each customer account, provided by the carrier to account holder and his/her authorized representatives at the time the account is opened, and require[s] that it be produced any time a third-party attempts to charge the account.

(Compl. ¶ 16.)

■■ Because the Court cannot issue an injunction requiring non-party wireless carriers to provide access codes, Defendant interprets the complaint as seeking "to force Motricity to develop the 'access code' system" itself. (Dkt. No. 25 at 4). Defendant relies on a declaration of its Director of Engineering detailing the costs of developing and maintaining a system that provides and processes access codes; this declaration does not address damages and other relief requested. (*Id.* at 4; Dkt. No. 1 at 26–31.) While the Court would normally evaluate the persuasiveness of Defendant's declaration, the dissimilarity between the complaint and Defendant's interpretation is enough to settle the issue. The plain language of the complaint does not request Defendant to implement its own access code system. (Dkt. No. 1 at 15, 21.) Defendant cannot reinterpret the complaint in order to satisfy the amount of controversy requirement. Thus, Defendant has not demonstrated it satisfies CAFA's removal requirements and Plaintiff is entitled to remand.

## Conclusion

Because Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, this Court lacks subject matter jurisdiction over this dispute. The Court GRANTS Plaintiff's motion to remand.

Defendant's motion to strike is MOOT. Defendant's motion for leave to file supplementary evidence is MOOT.

The Clerk is directed to send a copy of this order to all counsel of record.