**Susan RYNEARSON, Plaintiff,**

v.

**MOTRICITY, INC., Defendant.**

**Case No. C09–0393MJP.**

United States District Court,
W.D. Washington,
at Seattle.

June 15, 2009.

Clifford A. Cantor, Sammamish, WA, Jay Edelson, Myles P. McGuire, Michael J. Aschenbrener, Kamber Edelson LLC, Chicago, IL, for Plaintiff.

Russell B. Morgan, Scott K. Haynes, Bradley Arant Boult Cummings LLP, Nashville, TN, Stellman Keehnel, Russell B. Wuehler, DLA Piper U.S. LLP, Seattle, WA, for Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR REMAND AND MOTION FOR AN ORDER TO SHOW CAUSE

MARSHA J. PECHMAN, District Judge.

This matter comes before the Court on Plaintiff's motion for an Order to Show Cause and Plaintiff's motion to remand. (Dkt. Nos. 5, 21.) The Court has considered the motions, the responses (Dkt. Nos. 17, 25), the replies (Dkt. Nos. 20, 28), and all other pertinent documents in the record. For the reasons set forth below, the Court DENIES Plaintiff's motion for an

Order to Show Cause. The Court GRANTS Plaintiff's motion to remand and awards Plaintiff all reasonable attorneys' fees and costs relating to Motricity's second removal.

## Background

Susan Rynearson, a citizen of Florida, filed this putative class action in King County Superior Court and Defendant Motricity, a Delaware corporation, removed the matter to this Court claiming jurisdiction under the Class Action Fairness Act. (*Rynearson v. Motricity*, Case No. 2:08–cv–1138MJP (W.D. Wash. filed July 30, 2009) ("*Rynearson I*") (Dkt. No. 1 at 2–3).) Plaintiff alleges that Defendant facilitated placing unauthorized charges for mobile content on customers' bills. Plaintiff seeks damages, treble damages under the Washington Consumer Protection Act, restitution, interest, litigation expenses and attorneys' fees, and injunctive and/or declaratory relief. (*Id.* at 10, 20–21.) In their notice of removal in *Rynearson I*, Defendant offered a declaration estimating the cost of developing an "access code" system it thought would be necessary to comply with Plaintiff's requested injunctive relief. (*Id.*, Ex. B.)

Plaintiff filed a motion to remand in *Rynearson I*, the matter was fully briefed and the Court heard oral argument on February 27, 2009. (Dkt. Nos. 9, 25, 26, 34.) In its briefing on the motion to remand, Defendant claimed the estimate of the cost of injunctive relief was sufficient to establish the amount in controversy requisite for jurisdiction. (Dkt. No. 25 at 7.) At oral argument, counsel for Motricity indicated that removal would also be appropriate based on the damages sought by Plaintiff because of a declaration filed by Plaintiff's counsel in a separate case:

> Counsel: ... But we do have some evidence that we just found today, and I would like to present it to the court. This is the plaintiffs' motion and memorandum in support of preliminary approval of class action settlement that was submitted in a case in Florida. It does not involve Motricity, but I do believe it involves the plaintiffs' counsel, KamberEdelson, in this particular case. And if I could hand this up to the court.
>
> The Court: Why don't you show it to counsel, please. Go ahead. You may come forward.
>
> Counsel: If you look at page 17 of this motion, your Honor, plaintiffs' counsel in this case states that class counsel estimates that approximately 40 percent (sic) of all mobile content charges are unauthorized ... And I can represent to the court ... if you apply that same math to Motricity, Motricity would exceed—the alleged damages would exceed the 5 million amount in controversy required by CAFA.

(Dkt. No. 39 at 18:20–19–22.)[1] On March 4, 2009, several days after oral argument, Defendant filed a motion for leave to present additional evidence on the remand issue. (Dkt. No. 35). Specifically, Defendant submitted another copy of the Edelson declaration and asked the Court for leave to file "certain financial information related to mobile content charges under seal." (*Id.* at 3.)

On March 6, 2009, this Court issued an Order granting Plaintiff's motion for remand in *Rynearson I*. (Dkt. No. 36.)[2]

---

**1.** The Court observes that at oral argument, Motricity's counsel represented he had just learned of the Edelson declaration on the day of the argument, February 27, 2009. In its briefing on the motion to remand, Motricity claims to have received the document several days before the argument. (Dkt. No. 25 at 4, n. 1.)

**2.** Also available at 601 F.Supp.2d 1238 (W.D.Wash.2009).

The Court rejected Motricity's argument on the prospective cost of injunctive relief observing "the plain language of the complaint does not request Defendant to implement its own access code system." (*Id.* at 3.) The Court remanded the action to King County and found as moot Motricity's motion for leave to file supplementary evidence. (*Id.*)

On March 25, 2009, Motricity removed the matter from state court a second time and the matter was assigned to Judge Martinez. (*Rynearson v. Motricity,* Case No. 2:09–cv–0393MJP (W.D. Wash. filed Mar. 23, 2009) ("*Rynearson II*").) In a footnote, Motricity recognized that the matter had previously been remanded, but argued that it sought "to remove this action based on new and previously unknown grounds." (Dkt. No. 1 at n. 1.) The notice of removal goes on to submit the Edelson declaration for the proposition that twenty percent of all mobile content charges are unauthorized. (*Id.* at 5, Ex. C.) Defendant argues its removal was timely because the Edelson declaration, received by Motricity from counsel in a different matter, constitutes "other paper" that may support removal. (*Id.* at 9.) On April 2, 2009, Rynearson filed a motion to reassign the case and asked the Court to issue an Order to Show Cause why contempt and sanctions should not issue for Motricity's failure to comply with the remand Order in *Rynearson I.* (*Rynearson I,* Dkt. No. 38; *Rynearson II,* Dkt. No. 5.) Judge Martinez transferred the matter to this Court on April 3, 2009 and the briefing on Rynearson's second motion for remand came ripe on May 29, 2009. (*Rynearson II,* Dkt. Nos. 6, 21.)

## Discussion

### I. *Motion for Remand*

 As the Court observed in its first remand Order, federal courts have jurisdiction under CAFA over class actions where there is minimal diversity, the putative class has at least one hundred members, and the aggregated relief requested exceeds $5,000,000 exclusive of interest and costs. 28 U.S.C. § 1332(d). There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). Motricity bears the burden of establishing federal jurisdiction. *See Abrego v. Dow Chem. Co.,* 443 F.3d 676, 684–86 (9th Cir.2006) (CAFA does not alter the "near-canonical rule" that the burden of establishing jurisdiction falls on the removing party). The burden of proving the amount in controversy depends on what the plaintiff has pleaded: (1) when the complaint does not specify an amount of damages, the party seeking removal must prove the amount in controversy by a preponderance of the evidence; (2) when the complaint alleges damages in excess of the jurisdictional requirement, the requirement is presumptively satisfied unless it appears to a 'legal certainty' that the claim is actually for less than the amount in controversy requirement; and, (3) when the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 998, 1000 (9th Cir.2007) (citations omitted). Because Plaintiff did not plead a specific amount of damages, Defendant bears the burden of proving that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence. *Id.* In other words, Motricity "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996) (citations omitted).

Even though the Court received the Edelson declaration and heard counsel's representations about the amount in controversy in *Rynearson I,* Motricity claims it was not being disingenuous when it claimed the declaration as "new and previ-

ously unknown" in its second notice of removal because the document had not been received when Defendant filed its first notice of removal. (*Compare Rynearson I*, Dkt. No. 39 at 19:10–22 (transcript of proceedings at oral argument), *with Rynearson II*, Dkt. No. 17 at 11 (Defendant's response to Plaintiff's motion for an Order to Show Cause).) Motricity asserts that the Edelson declaration falls within the "other paper" category identified in the removal statute. (*Rynearson II*, Dkt. No. 25 at 7 n. 3 (citing 14C Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 3732).)

■ The statute governing the procedure for removal provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). The type of document that constitutes an "other paper" for the purposes of the statute is broad, reflecting courts' "embracive construction" of the term. 14C Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 3732 and n. 26 (collecting cases); *see also* 32A Am. Jur. 2d *Federal Courts* § 1451 (discovery documents, briefing, and deposition testimony all qualify as "other paper"). For instance, courts have characterized responsive briefing filed in the state court matter as "other paper" permitting removal to federal court. *See e.g. Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir.1994) (reply brief qualifies as "other paper"). However, nothing in the language of the statute or the relevant caselaw suggests that the definition of "other paper" is so embracive as to encompass a filing by a party's firm in

another case where the litigants are entirely different.

As a general rule, an "other paper" for the purposes of § 1446(b) is one that is "generated within the specific state proceeding which has been removed." *Lozano v. GPE Controls*, 859 F.Supp. 1036, 1038 (S.D.Tex.1994) (collecting cases); *see also State of Wisconsin v. Abbott Laboratories*, 390 F.Supp.2d 815, 824 (W.D.Wis. 2005) ("it is reasonable to limit the phrase "other paper" to documents generated in the case for which removal is sought"). In limited instances, judicial orders filed in cases involving at least one identical party could qualify as "orders" within the ambit of § 1446(b). *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267 (5th Cir.2001); *Doe v. American Red Cross*, 14 F.3d 196, 198 (3d Cir.1993). A document filed in a collateral proceeding between identical parties that was "so clearly incidental and ancillary to the original action" has also been a sufficient "other paper" for the purposes of removal. *Hamilton v. Hayes Freight Lines*, 102 F.Supp. 594, 596 (E.D.Ky.1952) (separate action between parties was "merely a statutory substitute for the old practice by bill of review"). These rare instances do nothing to abrogate the central rule that "the phrase 'other paper' utilized in Section 1446(b) cannot refer to pleadings filed in a separate, distinct case, in which the parties are not the same." *Growth Realty Companies v. Burnac Mortgage Investors*, 474 F.Supp. 991, 996 (D.P.R.1979).

Defendant's second removal is predicated on the declaration of Jay Edelson filed in *VanDyke v. Media Breakaway LLC*, No. 08–cv–22131 (S.D.Fla. filed Jul. 8, 2008), that includes the estimate that "20% of all mobile content charges are unauthorized." (*Rynearson II*, Notice of Removal, Ex. C.) Motricity's General Manager, Stephen Leonard, then provides a declaration

stating that the company has generated over $50,000,000.00 in revenue. (*Id.,* Ex. B.) Simple multiplication, Motricity argues, establishes the amount in controversy. (Dkt. No. 25 at 4.) Motricity's argument ignores the fact that *VanDyke v. Media Breakaway* is an entirely separate action between separate parties. Motricity's emphasis on the fact that the allegations in the two matters are "virtually identical" and that plaintiffs in both actions are represented by the same firm that appears to specialize in suits against mobile content providers ignores the attenuated connection between Rynearson's case and Van-Dyke's. Mr. Edelson's declaration points to the fact intensive inquiry necessary to measure damages for a *particular* defendant. (*Rynearson II,* Notice of Removal, Ex. C (observing the overall estimate had to be adjusted to be specifically applicable to Media Breakaway and to reflect "other facts such as previous refunds given").) This defendant-specific inquiry underscores rationale for the rule confining "other paper" to documents produced in the matter itself. If the Court were to accept Defendant's view of § 1446(b), it would interpret "other paper" in a manner that would be completely divorced from the surrounding statutory language. *See* 28 U.S.C. § 1446(b) ("amended pleading, motion, order or other paper").

Because the Edelson declaration was not "generated within the specific state proceeding which has been removed," it does not qualify as an "other paper" for the purposes of removal. *Lozano,* 859 F.Supp. at 1038. Motricity is left with the Leonard declaration and the description of revenues contained therein falls well short of establishing the amount in controversy. (Notice of Removal, Ex. B.) Defendant's argument ignores their burden of showing "not only what the stakes in the litigation *could be,* but also what they are given the plaintiff's actual demands." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir.2005) (Easterbrook, J.) (emphasis in original). This matter should be remanded to state court.

## II. *Motion for Order to Show Cause*

 Plaintiff asks the Court to hold Defendant in contempt for violating the Court's order in *Rynearson I.* (*Rynearson II,* Dkt. No. 5 at 5.) Motricity is correct in pointing out that it based its removal in *Rynearson I* on the cost of prospective injunctive relief instead of an estimate of damages. (Dkt. No. 25 at 2.) Though the Court is somewhat perplexed by Motricity's description of the Edelson declaration as "new and previously unknown," the Court does not believe Motricity's actions rise to the level of civil contempt. In addition, the Court is well aware that "[s]uccessive removals are not necessarily barred." *Mattel v. Bryant,* 441 F.Supp.2d 1081, 1089 (C.D.Cal.2005) (citations omitted). The Court does, however, find that Rynearson is entitled to fees and costs pursuant to 28 U.S.C. § 1447(c). The statute provides: "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This Court may retain jurisdiction over the issue of fees and costs even after the substantive action has been remanded to state court. *See Bryant v. Britt,* 420 F.3d 161, 165–66 (2d Cir.2005)

In *Martin v. Franklin Capital Corp.,* the Supreme Court clarified the standard for awarding fees under § 1447(c), observing that fees should be granted "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). The Court looks to "the clarity of the law at the time of removal" to determine the reasonableness of

removal. *Lussier v. Dollar Tree Stores*, 518 F.3d 1062, 1067 (9th Cir.2008); *see also Patel v. Del Taco, Inc.*, 446 F.3d 996 (9th Cir.2006) (affirming grant of fees and costs where defendants' claim of jurisdiction was frivolous and unsupported by the supplemental jurisdiction statute). Here, Defendant conducted at least some research into the definition of "other paper." (Dkt. No. 25 at 7, n. 3 (citing Wright & Miller).) The very section of *Federal Practice and Procedure* cited by Motricity recognizes that "documents not generated as a result of the state litigation are not recognized as 'other paper' sources for the purposes of starting a new thirty-day period under Section 1446(b)." 14C Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 3732. Moreover, Motricity does not even attempt to point to any other scenario where a document filed in a separate case between separate parties has ever been the basis for removal.

Defendant's argument in support of removal was frivolous and unsupported by caselaw or a plain reading of the removal statute. The Court therefore believes an award of Plaintiff's reasonable costs, expenses and fees incurred related to the second removal of this matter is appropriate. 28 U.S.C. § 1447(c). The Court asks Plaintiff's counsel to submit a declaration in support of the cost and fee award within twenty (20) days of this Order.

### Conclusion

Because the Edelson declaration is not an "other paper" for the purposes of 28 U.S.C. § 1446(b), Defendant's removal was improper and this Court lacks subject matter jurisdiction over this dispute. The Court ORDERS as follows:

1. Plaintiff's motion for remand (Dkt. No. 21) is GRANTED.
2. Plaintiff is AWARDED reasonable expenses, costs and fees associated with this second removal. Plaintiff's counsel must provide a declaration outlining any such costs and fees within twenty days of this Order.
3. Plaintiff's motion for an Order to Show Cause (*Rynearson I*, Dkt. No. 38, *Rynearson II*, Dkt. No. 5) is DENIED.

The Clerk is directed to send a copy of this order to all counsel of record and a certified copy of this Order to the Clerk of the King County Superior Court.