LISA K. MASSAD *v.* SARAH J. GREAVES
(AC 30194)

Gruendel, Beach and Peters, Js.

Argued June 3—officially released August 25, 2009

*Richard M. Franchi*, for the appellant (defendant).

*Jeffrey C. Ankrom*, for the appellee (plaintiff).

PETERS, J. If a lawsuit has been improperly removed from a state court to a federal court, federal law requires the federal court to order a remand and authorizes the federal court to make an award of costs and attorney's fees. See 28 U.S.C. § 1447 (c).[1] In the present case, the federal court made an award of attorney's fees and costs but directed that the supporting documentation justifying the amount of such award be submitted to the state court after the remand. The defendant has appealed from the consequent award of fees to the plaintiff. Because the doctrine of res judicata prohibits the relitigation of a claim determined upon a full and fair consideration of the merits "by a court of competent jurisdiction . . . in the same or *any other judicial tribunal of concurrent jurisdiction*"; (emphasis added) *Wade's Dairy, Inc.* v. *Fairfield,* 181 Conn. 556, 559, 436 A.2d 24 (1980); we affirm the judgment of the trial court.

On July 19, 2006, the plaintiff, Lisa K. Massad, instituted this action in the Superior Court, alleging that the defendant, Sarah J. Greaves, had wrongfully interfered with her attempt to collect a judgment against the defendant's father.[2] In response, the defendant filed a number of special defenses and a counterclaim, including a

---

[1] Section 1447 (c) of title 28 of the United States Code provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

[2] The plaintiff alleged in the complaint that in attempting to collect moneys owed under a stipulated judgment from an action against Thomas Greaves, the defendant's father, the plaintiff sought to serve Thomas Greaves with postjudgment interrogatories. The plaintiff further alleged that the defendant interfered with the plaintiff's collection efforts by falsely informing the marshal attempting to serve Thomas Greaves that he no longer resided in the state and by making false allegations about the plaintiff to various law enforcement and regulatory officials.

claim that the plaintiff had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.[3] On November 30, 2007, before any of these claims had been adjudicated, the defendant removed the case to the United States District Court for the District of Connecticut. The District Court, after concluding that the defendant's removal was "untimely and without any legal basis," held that the defendant was required to pay the plaintiff the costs and attorney's fees attendant to the latter's successful remand motion. In the same order, the court remanded the case to allow the plaintiff to "submit her affidavit of fees and costs sought . . . to the Connecticut Superior Court . . . ." The defendant did not file an appeal from that order to the United States Court of Appeals for the Second Circuit.

On May 8, 2008, in accordance with the remand order from the District Court, the plaintiff filed, in the trial court, a motion for attorney's fees supported by an itemization of fees. On May 28, 2008, the defendant filed an objection to this motion in which she maintained that the court lacked subject matter jurisdiction to award such fees, principally because, in the defendant's view, the District Court retained exclusive jurisdiction over any award of attorney's fees in this case.[4] On July 22, 2008, without issuing a memorandum of decision, the court granted the plaintiff's motion for attorney's fees in the requested amount of $4833.78. The defendant did not request an articulation under Practice Book § 66-5.

[3] In her counterclaim, the defendant alleged that the plaintiff committed an abuse of process by bringing this action to collect a debt owed by a third party. She further claimed that the plaintiff defamed her by alleging that the defendant made false statements to the marshal. Finally, the defendant alleged that the plaintiff engaged in wrongful collections practices when she sent a letter to the defendant threatening to bring charges and to file grievances if the debt was not paid.

[4] The defendant also argued that the court lacked subject matter jurisdiction because the District Court did not find that the defendant had acted in bad faith.

The defendant's appeal from the judgment of the trial court ordering payment of attorney's fees to the plaintiff raises two issues. The defendant claims that the court (1) lacked subject matter jurisdiction and (2) violated her constitutional right to due process by awarding the fees without a hearing and without making a finding of bad faith by the defendant. We disagree.

I

The defendant's principal claim at the trial court, and on appeal, challenges the court's subject matter jurisdiction to award attorney's fees to the plaintiff. In the defendant's view, despite the unequivocal language of the District Court's remand order, only that court had jurisdiction to make such an award. We are not persuaded.[5]

Whether the trial court had subject matter jurisdiction to grant the plaintiff's motion for attorney's fees is a question of law that warrants plenary review by this court. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Ferguson Mechanical Co.* v. *Dept. of Public Works*, 282 Conn. 764, 770–71, 924 A.2d 846 (2007).

The defendant's jurisdictional challenge is addressed only to the court's award of attorney's fees. Significantly, she has not clearly articulated any challenge to

[5] Neither party has questioned the jurisdiction of this court to hear the defendant's appeal. We agree that the award of attorney's fees in this case is a final judgment that is immediately appealable because the award terminated a separate and distinct proceeding. See *Briggs* v. *McWeeny*, 260 Conn. 296, 314, 796 A.2d 516 (2002); *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983); see also *Paranteau* v. *DeVita*, 208 Conn. 515, 523, 544 A.2d 634 (1988).

the validity of the underlying conclusion of the District Court that she improperly removed the case. She argues instead that once the District Court decided that an award of attorney's fees was warranted, that court should have made the award rather than ordering the trial court to find the amount of fees to which the plaintiff was entitled. In other words, she questions the authority of the trial court to award attorney's fees for an improper invocation of federal jurisdiction, even where the District Court decided that the plaintiff was entitled to the award.

## A

It is well established that, in the absence of congressional intent to vest exclusive jurisdiction over a particular matter in the federal courts, state courts have concurrent jurisdiction over a matter arising under federal law. The United States Supreme Court "has long made clear that federal law is as much the law of the several States as are the laws passed by their legislatures. Federal and state law 'together form one system of jurisprudence, which constitutes the law of the land for the State; and the courts of the two jurisdictions are not foreign to each other, nor to be treated by each other as such, but as courts of the same country, having jurisdiction partly different and partly concurrent.' *Claflin* v. *Houseman*, 93 U.S. 130, [137, 23 L. Ed. 833] (1876) . . . ." (Citations omitted.) *Haywood* v. *Drown*, 556 U.S. 729, 735, 129 S. Ct. 2108, 173 L. Ed. 2d 920 (2009). Furthermore, the supremacy clause of the United States constitution[6] prohibits states from refusing jurisdiction over federal claims when state courts

---

[6] The constitution of the United States, article six, cl. 2, provides: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

have jurisdiction to hear analogous suits. Id., 740 n.6 (citing *Testa* v. *Katt*, 330 U.S. 386, 388, 394, 67 S. Ct. 810, 91 L. Ed. 967 (1947), for proposition that state law claim over which state does exercise jurisdiction need not be identical to federal claim that state seeks to exclude).

The federal removal statute, 28 U.S.C. § 1446 (d),[7] provides that, upon removal, "the State court shall proceed no further unless and until the case is remanded." When, however, a certified copy of a remand to state court is mailed to the state court clerk, 28 U.S.C. § 1447 (c) authorizes the state court to proceed again with the case. See *Ins. Co. of Pennsylvania* v. *Waterfield*, 102 Conn. App. 277, 283, 925 A.2d 451 (2007) (under plain language of 28 U.S.C. § 1447, state court has subject matter jurisdiction to proceed as soon as remand effected).

The defendant's argument that only the District Court had jurisdiction to award attorney's fees to the plaintiff relies on a number of federal cases that have held that the District Court *may* make an award of attorney's fees even after a case has been remanded to the state court. See, e.g., *United States ex. rel. Grynberg* v. *Praxair, Inc.*, 389 F.3d 1038 (10th Cir. 2004), cert. denied, 545 U.S. 1139, 125 S. Ct. 2964, 162 L. Ed. 2d 888 (2005); *Hart* v. *Wal-Mart Stores, Inc.*, 360 F.3d 674 (7th Cir. 2004); *Husko* v. *Geary Electric, Inc.*, 316 F. Sup. 2d 664 (N.D. Ill. 2004). These cases do not advance the defendant's argument. Their holdings relate to the authority of the federal District Court to exercise jurisdiction over attorney's fees under 28 U.S.C. § 1447 (c),

---

[7] Section 1446 (d) of title 28 of the United States Code provides: "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded."

and they do not address the jurisdiction of the state courts to enforce an order by the federal court after a remand pursuant to that statute. In short, we have found no case, and the defendant has cited none, suggesting that Congress intended § 1447 (c) to preempt state law and to make the federal court the exclusive forum for the determination of the amount of attorney's fees that are an appropriate sanction for an improper removal of a state case.

In the alternative, the defendant maintains that the exercise of jurisdiction by the trial court in this case was improper in view of federal case law that requires the District Court to exercise its discretion to determine whether an improper removal of a case from a state court warrants an award of attorney's fees and costs to the opposing party. That argument presupposes that the District Court failed to exercise such discretion in this case. The record of the District Court proceedings establishes the opposite.[8] The District Court expressly followed the principles recently articulated by the United States Supreme Court in *Martin* v. *Franklin Capital Corp.*, 546 U.S. 132, 140–41, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005), in rendering its judgment that the circumstances of the removal in this case warranted an award of attorney's fees and costs. If the defendant wanted to challenge the manner in which the District Court exercised its discretion, the defendant could have filed an appeal from the District Court's order in the Second Circuit. See *Bryant* v. *Britt*, 420 F.3d 161 (2d Cir. 2005).

B

Under the governing principles of federal law, the remand order of the District Court again vested jurisdic-

---

[8] Even if this court disagreed with the legal standards relied on by the District Court, or otherwise disagreed with its reasoning or conclusions, we would have no authority to overturn that ruling.

tion over the proceedings in this case in the trial court.[9] Such jurisdiction is buttressed by the well established principle that, as a general matter, state trial courts have the competence to determine a reasonable figure for an award of attorney's fees. The trial court is a court of general jurisdiction that regularly determines appropriate awards for fees and costs. "Courts have a general knowledge of what would be a reasonable attorney's fee for services which are fairly stated and described. . . . [C]ourts may rely on their general knowledge of what has occurred at the proceedings before them to supply evidence in support of an award of attorney's fees. . . . The court [is] in a position to evaluate the complexity of the issues presented and the skill with which counsel had dealt with these issues." (Citation omitted; internal quotation marks omitted). *Miller* v. *Kirshner*, 225 Conn. 185, 201, 621 A.2d 1326 (1993). The defendant has offered no argument that the court lacked competence to make the requisite finding under the circumstances of this case; rather, the defendant has argued that under the "American rule," the court had limited authority to award attorney's fees.

"The general rule of law known as the 'American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . Connecticut adheres to the American rule. . . . There are few exceptions." (Citations omitted; internal quotation marks omitted.) *24 Leggett Street Ltd. Partnership* v. *Beacon Industries, Inc.*, 239 Conn. 284, 311, 685 A.2d

---

[9] Other state courts have reached the same conclusion under similar factual circumstances. See, e.g., *Abels* v. *Ungarino & Eckert, LLC*, 951 So. 2d 318 (La. App. 2006), cert. denied, 951 So. 2d 1106 (La. 2007). Indeed, federal District Courts in other jurisdictions have found it appropriate to reserve for the state court the question of a specific amount for fees and costs where the District Court has already determined that an award of fees is necessary under 28 U.S.C. § 1447 (c). See *Hodach* v. *Caremark RX, Inc.*, 374 F. Sup. 2d 1222, 1226 (N.D. Ga. 2005).

305 (1996). Although the record does not reveal whether the court found that any other exception to the "American rule" applied, the court implicitly gave preclusive effect to the finding by the District Court that, under federal law, the plaintiff is entitled to receive attorney's fees and costs.

In *Albahary* v. *Bristol*, 276 Conn. 426, 886 A.2d 802 (2005), our Supreme Court held that the doctrine of collateral estoppel, a relative of res judicata, precluded litigation in state court of an issue previously decided by a federal court. See also *Kline* v. *Burke Construction Co.*, 260 U.S. 226, 230, 43 S. Ct. 79, 67 L. Ed. 226 (1922) (where federal and state courts have concurrent jurisdiction over questions of personal liability "[e]ach court is free to proceed in its own way and in its own time . . . . Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending . . . ."). Pursuant to the doctrine of res judicata, the court properly gave preclusive effect to the award of attorney's fees and did not need to find a distinct state law exception to the "American rule" to order payment of attorney's fees.

We conclude, therefore, that the trial court had jurisdiction in this case to order the defendant to pay attorney's fees and costs to the plaintiff in accordance with the District Court's order of remand. Applying principles of concurrent jurisdiction and res judicata, it was bound to honor the District Court's ruling that as a matter of law, the plaintiff was entitled to recover fees and costs. It was authorized, thereafter, as a court of general jurisdiction, to determine the sole issue remaining on the motion for attorney's fees—the amount of the plaintiff's recovery.

## II

The defendant next claims that the trial court violated her right to procedural due process under the fourteenth amendment to the United States constitution by awarding attorney's fees to the plaintiff without making a finding that the defendant removed the case to federal court in bad faith and without holding an evidentiary hearing. The plaintiff contests the validity of both claims. We agree with the plaintiff.

## A

The defendant maintains that, as a matter of law, the trial court had no authority to make an award of attorney's fees without a factual finding that the defendant removed the case to the District Court in bad faith. The defendant's due process argument is unpersuasive because it rests on two related assumptions that are unsustainable. The first assumption is that the defendant was unable to raise this argument by way of appeal from the order of the District Court. The defendant has offered no factual or legal basis for this assumption. The second assumption is that, although no appeal was filed with the Second Circuit, an attack on a judgment grounded on a due process claim permits a collateral attack on a judgment that would otherwise be res judicata. That argument, too, cannot succeed.

The issue of whether the doctrine of res judicata is applicable to the facts of the present case is a question of law. Accordingly, our review is plenary. See *Gaynor* v. *Payne*, 261 Conn. 585, 595, 804 A.2d 170 (2002). The issue, in this case, is whether the court had the authority to reconsider the merits of the order of the District Court entitling the plaintiff to an award of attorney's fees relating to the defendant's improper removal of the case. Our case law is directly to the contrary. In *CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 685 A.2d 1108 (1996), overruled in part on other grounds

by *State* v. *Salmon*, 250 Conn. 147, 154–55, 735 A.2d 333 (1999) (en banc), our Supreme Court held that "[t]he fact that a prior judicial determination may be flawed . . . is ordinarily insufficient, in and of itself, to overcome a claim that otherwise applicable principles of res judicata preclude it from being collaterally attacked. . . . If the judgment [in the prior action] is erroneous, the unsuccessful party's remedy is to have it set aside or reversed in the original proceedings."[10] (Citations omitted; internal quotation marks omitted.) Id., 395.

Federal law does not permit appellate review of an order remanding to state court a case that has been improperly removed. Under 28 U.S.C. § 1447 (d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." Considering the unappealability of an order to remand, the Second Circuit, in dicta, has noted that application of res judicata to issues decided by the federal court in an order to remand might not be appropriate in state court. *MediSys Health Network, Inc.* v. *Local 348-S United Food & Commercial Workers*, 337 F.3d 119, 124 (2d Cir. 2003). No such concern exists with regard to fees and costs, however, because that determination is appealable as an issue that is collateral to the remand order. *Bryant* v. *Britt*, supra, 420 F.3d 161; see also *Stallworth* v. *Greater Cleveland Regional Transit Authority*, 105 F.3d 252, 255 (6th Cir. 1997).

The defendant has advanced no persuasive reason under state law to warrant our reversal of the judgment of the trial court. "The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent

---

[10] On the merits of the defendant's claim, we note that the defendant's criticism of the District Court's failure to make a finding of bad faith fails to take into account the changes in the relevant standard articulated in *Martin* v. *Franklin Capital Corp.*, supra, 546 U.S. 140–41.

wasteful relitigation. . . . [T]he doctrine of res judicata . . . [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action [between the same parties or those in privity with them] on the same claim. . . . Accordingly, the salient inquiry is whether the present matter involves the same claim that was litigated in the prior action." (Citations omitted; internal quotation marks omitted). *Twenty-Four Merrill Street Condominium Assn., Inc.* v. *Murray*, 96 Conn. App. 616, 619, 902 A.2d 24 (2006). Because, in this case, that inquiry must be answered in the affirmative, we affirm the judgment of the trial court.

B

The defendant's remaining due process claim asserts that she had a right to an evidentiary hearing on the amount of the plaintiff's attorney's fees.[11] The plaintiff maintains that the defendant never pursued such a claim at the trial court. Our appraisal of the merits of the defendant's claim is impaired by the defendant's failure to comply with her responsibility to provide an adequate record. See Practice Book § 60-5.

The plaintiff alleges that, at the trial court, the defendant never challenged the reasonableness of the fees that the plaintiff sought to recover or the propriety of her documentation. The defendant has not filed with this court either a memorandum of decision or a signed transcript of the relevant proceedings.[12] The defendant

---

[11] The defendant also argues that her due process rights were violated because the trial court did not determine whether she acted in bad faith before holding her liable for the plaintiff's attorney's fees. We have no basis in the record for reviewing this claim, as the trial court did not address it and the defendant did not request an articulation under Practice Book § 66-5.

[12] The defendant has cited, in her appendix, her request to the court, at the conclusion of the July 21, 2008 hearing on the plaintiff's motion for attorney's fees, that "as far as attorney's fees are concerned . . . if in fact that the court is going to rule on that, that we do get a hearing on it based upon what is going on." The record contains no judicial response to this request.

did not file a motion for articulation; see Practice Book §§ 60-5 and 66-5; to enable the court to fill in these gaps. In short, we do not know what issues the court addressed or how it resolved them, and, therefore, any other attacks by the defendant on the judgment of the trial court have no basis in the record. Because the defendant has failed to establish where in the record the court was clearly apprised of this claim or how it ruled on its merits, this claim warrants no further consideration, as it has been inadequately briefed. See *Eremita* v. *Morello*, 111 Conn. App. 103, 107, 958 A.2d 779 (2008).

In sum, we conclude that the trial court properly awarded the plaintiff attorney's fees and costs, as ordered by the District Court. The principle of res judicata precludes the defendant from relitigating the question of whether the plaintiff is entitled to receive such fees.

The judgment is affirmed.

In this opinion the other judges concurred.