24-1786-cv
*Caprio v. Gorawara*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-six.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

JOHN CAPRIO,

> *Plaintiff-Appellee,*

> v.                           24-1786-cv

RAHUL GORAWARA,

> *Defendant-Appellant.*

---

FOR PLAINTIFF-APPELLEE:      RICHARD F. CONNORS, Richard F. Connors P.C., North Haven, Connecticut.

FOR DEFENDANT-APPELLANT:      RAHUL GORAWARA, *pro se*, Albany, New York.

Appeal from an order of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Defendant-Appellant Rahul Gorawara, an attorney proceeding *pro se*, appeals from an order of the United States District Court for the District of Connecticut, entered on April 2, 2024, granting Plaintiff-Appellee John Caprio's motion for Rule 11 sanctions and awarding reasonable attorneys' fees, costs, and expenses. "Though neither party contests our appellate jurisdiction, we are obligated to consider the issue *sua sponte*." *Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010). As set forth below, we conclude that we lack appellate jurisdiction.

This action was commenced by Caprio in Connecticut Superior Court in 2017. Three times since then, Gorawara has removed the case to the district court, and each time the district court has remanded the case to state court, where it now once again is pending. After the last remand, the district court, in its April 2, 2024 order, granted a motion by Caprio pursuant to Fed. R. Civ. P. 11 for sanctions, and ordered Gorawara "to compensate Caprio for: (1) costs; (2) expenses; and (3) reasonable attorneys' fees incurred because of Gorawara's violation of Federal Rule of Civil Procedure 11, up to a total of $2,000.00, within thirty days of this Order." App'x at 166. While thus establishing a $2,000 ceiling on the amount of attorneys' fees Caprio could receive, the district court has not entered any subsequent order stating the exact amount of fees awarded; nor has it specified the amount of costs or expenses to which Caprio is entitled.[1]

---

[1] Although the district court indicated that the sanctions needed to be paid within thirty days of its order, we do not view that payment deadline as an implicit order that Gorawara was required to pay whatever amount was sought by Caprio up to $2,000, without any documentation being submitted to the district

This Court has appellate jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. "[A] final order is one that conclusively determines the rights of the parties to the litigation, leaving nothing for the district court to do but execute the order." *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992). An attorney must generally wait until after final judgment to appeal a Rule 11 sanctions order, which is not immediately appealable under the collateral order doctrine. *See S.E.C. v. Smith*, 710 F.3d 87, 94–96 (2d Cir. 2013).

In the instant case, the court did not enter a judgment on the merits, and the district court's 28 U.S.C. § 1447(c) remand order is not appealable. *See* 28 U.S.C. § 1447(d); *accord Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009). However, because the case was remanded to state court, there are no pending claims for the district court to conclusively determine and nothing left for the district court to do on the underlying merits. Accordingly, the remand order should be treated as a final (though non-appealable) decision that—assuming no other jurisdictional impediment—would make an otherwise interlocutory Rule 11 order now reviewable. *See Bryant v. Britt*, 420 F.3d 161, 163 (2d Cir. 2005) (reviewing district court's refusal to award fees and costs under Rule 11 or Section 1447(c), after already having remanded

court to substantiate the costs, expenses, and fees that were incurred up to $2,000, or without any review of the reasonableness of the amount sought. We have made clear that, with respect to the district court's determination regarding the amount of compensatory sanctions, "due process requires, at a minimum, that: (1) the party seeking to be compensated provide competent evidence, such as a sworn affidavit, of its claimed attorney's fees and expenses; and (2) the party facing sanctions have an opportunity to challenge the accuracy of such submissions and the reasonableness of the requested fees and expenses." *Mackler Productions, Inc. v. Cohen*, 225 F.3d 136, 146 (2d Cir. 2000). Indeed, the district court ordered that Caprio be compensated for "*reasonable* attorneys' fees incurred . . . up to a total of $2,000.00," App'x at 166 (emphasis added), thereby suggesting that, consistent with our well-settled precedent, Caprio would still need to submit evidence to the district court to support the reasonableness of the amount he seeks under the award. Thus, further proceedings in the district court are clearly required before the sanctions order becomes final.

the case to the state court); *see also Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 165 (2d Cir. 2011) (concluding that this Court could not review a district court's remand of the case to state court, but that we had appellate jurisdiction to review the award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c)).

We conclude that, although there is nothing left for the district court to do on the underlying merits in light of the remand order, there is a lack of specificity as to the dollar amount (or amounts) of the sanctions imposed that bespeaks a lack of finality in the Rule 11 order itself that precludes appellate jurisdiction at this juncture. In particular, "[w]here attorney's fees and costs have been awarded, but not determined, the order is not final." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 86 (2d Cir. 1998); *see also O&G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 167 (2d Cir. 2008) ("A non-quantified award of attorneys' fees and costs is not appealable until the amount of the fees has been set by the district court."). Here, the district court did not determine the amount of the sanctions, but rather ordered that Caprio be compensated for "(1) costs; (2) expenses; and (3) reasonable attorneys' fees incurred because of Gorawara's violation of Federal Rule of Civil Procedure 11, *up to a total of $2,000.00*, within thirty days of this Order." App'x at 166 (emphasis added). Indeed, Caprio has not submitted any documentation of his costs, expenses, or reasonable attorneys' fees to the district court. Therefore, because the district court did not "fix the amount of sanctions to be awarded," we lack appellate jurisdiction at this juncture over Gorawara's challenge to the sanctions order. *See Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652–53 (2d Cir. 2005) (per curiam) (dismissing for lack of jurisdiction the portion of an appeal related to Rule 11 sanction award); *see also Cooper v. Salomon Bros Inc.*, 1 F.3d 82, 84–85 (2d Cir. 1993).

4

\*          \*          \*

For the foregoing reasons, the appeal is **DISMISSED** for lack of appellate jurisdiction.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2]  Gorawara has filed a motion to strike a document contained in Caprio's Supplemental Appendix. Because the document is immaterial to our ruling on jurisdiction, the motion is denied as moot.