**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-1501**

———————

JOHN D. HATCHER, individually and as members of the
Architectural Committee of Mill Creek Estates; RACHEL
SHALULY, individually and as members of the Architectural
Committee of Mill Creek Estates; JAMES F. GILBERT,
individually and as members of the Architectural Committee
of Mill Creek Estates; MOLLY A. MILLER, individually and as
members of the Architectural Committee of Mill Creek
Estates; MICHAEL STEHNEY, individually and as members of
the Architectural Committee of Mill Creek Estates,

    Plaintiffs - Appellees,

        v.

RON FERGUSON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Timothy M. Cain, District Judge.
(6:15-cv-05032-TMC)

———————

Submitted:  October 31, 2016        Decided:  November 15, 2016

———————

Before GREGORY, Chief Judge, and AGEE and THACKER, Circuit
Judges.

———————

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

———————

Ron Ferguson, Appellant Pro Se.   Rodney M. Brown, RODNEY M. BROWN, PA, Fountain Inn, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from a civil action filed in April 2013 in South Carolina state court by John D. Hatcher, Rachel Shaluly, James F. Gilbert, Molly A. Miller, and Michael Stehney, individually and as members of the Architectural Committee of Mill Creek Estates (collectively, "Plaintiffs"), against Defendant "Ron Ferguson."* Following two unsuccessful attempts to remove the case to federal district court, Ferguson again removed the action in December 2015, purportedly on the basis of diversity jurisdiction under 28 U.S.C §§ 1332, 1441 (2012). Plaintiffs moved to remand the case again to state court and sought an order prohibiting Ferguson from further remand attempts. The district court adopted the magistrate judge's recommendation to grant Plaintiffs' motion. Ferguson now seeks to appeal the district court's order, challenging both the court's decision to remand and its prohibition on future removals. For the reasons that follow, we dismiss the appeal in part and affirm the district court's order in part.

---

* We note that the record and Ferguson's appellate briefs give rise to some question as to the identity of the properly joined parties to this action. Although we rely on the party designation assigned by the district court, we note that our disposition is unaffected by this dispute, regardless of whether the proper defendant is Ronald E. Ferguson, Susan Ferguson, Ronald J. Ferguson, or some combination of these individuals.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). Remand orders generally are "not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d) (2012). However, the Supreme Court has explained that the restrictions on appellate review described in "§ 1447(d) must be read in pari materia with [28 U.S.C. § 1447(c) (2012)], so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." Things Remembered, 516 U.S. at 127. Thus, § 1447(d) prohibits appellate review only of remand orders "based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks omitted); see Doe v. Blair, 819 F.3d 64, 67 (4th Cir. 2016).

"[A] district court's mere citation to § 1447(c) is insufficient to bring a remand order within the purview of that provision." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006). Before exercising appellate review over a remand order, we first must evaluate the order's

4

substantive reasoning "to determine whether it was issued based upon the district court's perception that it lacked subject matter jurisdiction." Blair, 819 F.3d at 67 (internal quotation marks omitted).

Here, the district court remanded the action after concluding that it could not exercise diversity subject matter jurisdiction because the parties were not completely diverse at the time of removal. The defect identified by the district court is not a defect in subject matter jurisdiction, but instead a procedural defect based on Ferguson's failure to meet the statutory requirements of § 1441(a). See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 574 (2004); Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996). Because we conclude Plaintiffs adequately identified and relied upon this defect in their timely motion to remand, we conclude we lack jurisdiction to review the court's decision to remand. Further, insofar as Ferguson attempts to challenge the district court's alternative holding that remand was warranted because the removal notice was untimely under 28 U.S.C. § 1446(c) (2012), we conclude the issue is moot and decline to address it.

While review of the district court's remand order is precluded under 28 U.S.C. § 1447(d), that statute does not preclude our review of the portion of the court's order prohibiting future removals. See Barlow v. Colgate Palmolive

5

Co., 772 F.3d 1001, 1008-09 (4th Cir. 2014). We review a district court's decision to impose sanctions for abuse of discretion. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004); Chaudhry v. Gallerizzo, 174 F.3d 394, 410 (4th Cir. 1999). In so doing, we may affirm for any reason appearing from the record. See United States v. Basham, 789 F.3d 358, 379 (4th Cir. 2015), cert. denied, 136 S. Ct. 1449 (2016).

The All Writs Act, 28 U.S.C. § 1651(a) (2012), permits federal courts to "limit access to the courts by vexatious and repetitive litigants." Cromer, 390 F.3d at 817; see Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). Although this "drastic remedy" is to be used only sparingly to confront exigent circumstances, filing limitations may be appropriate to address "a litigant's continuous abuse of the judicial process" through "meritless and repetitive" filings. Cromer, 390 F.3d at 817.

As the district court recognized, the removal statutes should not be manipulated to permit "strategic delay interposed by a defendant in an effort to determine the state court's receptivity to his litigating position." Lovern v. Gen. Motors Corp., 121 F.3d 160, 163 (4th Cir. 1997). The record of the proceedings in state court and this court amply supported the district court's determination that Ferguson's repeated removals were intended to manipulate the removal process for strategic

6

reasons. Ferguson was provided notice of the proposed sanction and an opportunity to respond, and the court's prohibition was narrowly tailored to the circumstances at hand. See Cromer, 390 F.3d at 818-19. We therefore discern no abuse of discretion in the district court's decision to prohibit Ferguson from future attempts to remove the same state court action.

Accordingly, we dismiss the appeal in part, insofar as it seeks review of the district court's decision to remand the action to state court. We affirm the district court's order in part, insofar as it bars Ferguson from future removal attempts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;<br>AFFIRMED IN PART

7