******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## 62-64 BANK STREET, LLC *v.* CARMINE AMELIO
### (AC 48082)

Moll, Westbrook and Prescott, Js.

*Syllabus*

The defendant tenant appealed from the trial court's judgment for the plaintiff landlord in the plaintiff's summary process action, and the plaintiff moved to dismiss the appeal. The plaintiff claimed, inter alia, that this court lacked subject matter jurisdiction over the appeal because it was jurisdictionally late pursuant to statute (§ 47a-35 (b)). *Held*:

The defendant's appeal was timely pursuant to § 47a-35 (b), as new five day appeal periods with respect to the judgment of possession and the denial of the defendant's motion to reargue arose following the trial court's grant of the defendant's fee waiver application pursuant to the rule of practice (§ 63-1 (c) (1)), this court having determined, under the limited and unique circumstances presented in this appeal, that, when the defendant attempted to file a timely and proper appeal during the appeal periods, the appeal should have remained pending, rather than having been rejected, notwithstanding an error on the appeal form, and, treating the appeal form as if it had been returned on the basis of the error, the defendant corrected it within the time allowed pursuant to the rule of practice ((2024) § 62-7 (a)).

The defendant's appeal was not moot, even though he was no longer in possession of the leased premises, because the parties' lease did not expire until 2027, and, accordingly, if the defendant were successful on the merits of his appeal, he could be afforded practical relief in the form of a writ of restoration.

Considered February 5—officially released May 13, 2025

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of Litchfield, where the case was tried to the court, *Lobo, J.*; judgment for the plaintiff; thereafter, the court, *Lobo, J.*, denied the defendant's motion to reargue and to vacate the judgment of possession, and the defendant appealed to this court; subsequently, the plaintiff filed a motion to dismiss the appeal. *Motion to dismiss appeal denied.*

*John D. Tower*, in support of the motion.

*Carmine Amelio*, self-represented, in opposition to the motion.

*Opinion*

MOLL, J. In this summary process appeal, the self-represented defendant, Carmine Amelio, appeals from the judgment of possession rendered by the trial court in favor of the plaintiff, 62-64 Bank Street, LLC, as well as from the court's denial of his motion to reargue. On October 11, 2024, the plaintiff moved to dismiss this appeal for lack of subject matter jurisdiction on the grounds that it is (1) jurisdictionally late pursuant to General Statutes § 47a-35 (b)[1] and/or (2) moot because the defendant is no longer in possession of the premises at issue. On February 5, 2025, we denied the plaintiff's motion to dismiss and indicated that an opinion would follow. This opinion sets forth the reasoning for our decision.

The following procedural history is relevant to our resolution of the plaintiff's motion to dismiss. In February, 2024, the plaintiff commenced the present summary process action against the defendant with respect to a commercial property located at 64 Bank Street in New Milford (premises).[2] The sole ground alleged by the

[1] General Statutes § 47a-35 provides: "(a) Execution shall be stayed for five days from the date judgment has been rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days.

"(b) No appeal shall be taken except within such five-day period. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 47a-35a. If execution has not been stayed, as provided in this subsection, execution may then issue, except as otherwise provided in sections 47a-36 to 47a-41, inclusive."

[2] The plaintiff commenced a separate summary process action (separate action) against the defendant with respect to a commercial property located at 62 Bank Street in New Milford, which action was consolidated with the present action for trial on March 26, 2024. The trial court, *Lobo, J.*, rendered judgments of possession in the present action and in the separate action simultaneously. On the basis of the defendant's appeal form, the defendant has appealed only from (1) the judgment of possession rendered in the

plaintiff in support of its complaint was nonpayment of rent by the defendant.[3] The defendant answered the plaintiff's complaint and asserted several special defenses, which the plaintiff denied.

On April 4, 2024, the defendant filed a notice indicating that the present action had been removed to the United States District Court for the Southern District of New York. See 28 U.S.C. §§ 1441[4] and 1446 (2018).[5] On June 27, 2024, the United States District Court for the Southern District of New York granted a motion filed by the plaintiff to remand the present action to the Superior Court, concluding that the removal had been improper and that the present action should have been removed, if at all, to the United States District

present action and (2) the denial of his motion to reargue filed in the present action. Thus, the judgment of possession rendered in the separate action is not at issue in this appeal and is not germane to the plaintiff's motion to dismiss. Accordingly, notwithstanding that the present action and the separate action were consolidated for trial, we refer only to the present action in setting forth the relevant procedural history.

[3] In a pretrial brief, the plaintiff represented that the parties' lease for the premises began on February 1, 2023, and expires on December 31, 2027.

[4] Title 28 of the United States Code, § 1441, provides in relevant part: "(a) GENERALLY.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . ."

[5] Title 28 of the United States Code, § 1446, provides in relevant part: "(a) GENERALLY.—A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. . . .

"(d) NOTICE TO ADVERSE PARTIES AND STATE COURT.—Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded. . . ."

Court for the District of Connecticut (District Court). Thereafter, the United States District Court for the Southern District of New York remanded the present action to the Superior Court.

On July 15, 2024, the defendant filed a notice indicating that the present action had been removed to the District Court. On July 24, 2024, the District Court, sua sponte, issued an order of remand for lack of subject matter jurisdiction. Thereafter, on August 8, 2024, the District Court remanded the present action to the Superior Court.

Trial in the present action was scheduled to begin on the morning of August 13, 2024. Prior to the start of trial that morning, the defendant filed a notice with the trial court indicating that the present action had been removed, for a second time, to the District Court. Additionally, the defendant filed a separate notice requesting that the trial court take judicial notice that, in light of the aforementioned removal of the present action to the District Court, the trial court lacked jurisdiction to proceed further. That same day, the trial court, *Lobo, J.*, summarily denied the defendant's request for judicial notice and proceeded with trial, which the defendant did not attend. The trial court, on the record, defaulted the defendant for his failure to appear at trial.

On August 14, 2024, the trial court rendered a judgment of possession in the plaintiff's favor with respect to the premises. At the outset of its decision, the trial court stated that, "[a]t 8:48 a.m. on the morning of trial, the defendant again filed another last minute notice of removal to the [District Court], making the same jurisdictional arguments that were previously denied . . . . As the [District] Court no longer has jurisdiction pursuant to *Miles* v. *Miles*, [Docket No. 12-CV-4014 (JS) (ETB), 2012 WL 3542319, *1 (E.D.N.Y. August 13, 2012)], and *Shapiro* v. *Logistec USA, Inc.*, 412 F.3d 307, 310–11

([2d Cir.] 2005), the [trial] court contacted the defendant via both telephone and email informing the defendant that the court was moving forward on the underlying matter. Although [trial] was scheduled for 9:30 a.m., evidence was heard in the afternoon following the defendant's failure to appear . . . ." The trial court proceeded to determine that (1) the plaintiff had satisfied, by a preponderance of the evidence, its burden of proof and (2) the defendant had failed to establish, by a fair preponderance of the evidence, any defenses. In addition to rendering a judgment of possession in the plaintiff's favor, the trial court determined that the defendant owed an arrearage of $13,113.59 with respect to the premises, exclusive of costs and attorney's fees. There was no additional activity in the present action until August 26, 2024, when the plaintiff filed a summary process execution for possession, which was issued that same day.

On August 28, 2024, the defendant filed a motion to reargue, to reconsider, and to vacate the judgment of possession (motion to reargue) on the basis that the trial court lacked jurisdiction to render the judgment of possession while the present action, after it had been removed to the District Court for a second time, remained pending before the District Court. On August 30, 2024, the trial court summarily denied the defendant's motion to reargue.

Meanwhile, on August 29, 2024, the District Court, sua sponte, issued an order of remand on the basis of lack of subject matter jurisdiction. Thereafter, the District Court remanded the present action to the Superior Court on September 11, 2024.

On September 23, 2024, the plaintiff returned the summary process execution for possession, which reflected that, on September 13, 2024, the defendant's possessions had been removed from the premises. On

October 2, 2024, after he had been granted a fee waiver by the trial court on September 25, 2024, the defendant filed this appeal from the judgment of possession and the denial of his motion to reargue.[6]

On October 11, 2024, the plaintiff moved to dismiss this appeal for lack of subject matter jurisdiction on two separate grounds. First, the plaintiff asserts that this appeal is jurisdictionally late pursuant to § 47a-35 (b). Second, the plaintiff contends that this appeal is moot because the defendant no longer has possession of the premises. On October 31, 2024, the defendant filed an opposition to the plaintiff's motion to dismiss.[7] For the reasons that follow, we conclude that this appeal is neither jurisdictionally late nor moot.

The following legal principles are relevant to our resolution of the plaintiff's claims. "A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction. . . . It is well established that the subject matter jurisdiction of the Appellate Court . . . is governed by [General Statutes] § 52-263, which provides that an aggrieved party may appeal to the court having jurisdiction from the final judgment of the court. . . . [O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court

---

[6] On the basis of his appeal form and his preliminary statement of the issues, the defendant also is appealing from the trial court's denial of his August 13, 2024 request for judicial notice, an interlocutory ruling that became subject to appellate review upon the rendering of the judgment of possession. See *Blue Cross/Blue Shield of Connecticut, Inc.* v. *Gurski*, 49 Conn. App. 731, 734, 715 A.2d 819 ("[r]eview of an interlocutory ruling must await an appeal from the final judgment" (internal quotation marks omitted)), cert. denied, 247 Conn. 920, 722 A.2d 809 (1998). In the interest of simplicity, in analyzing the merits of the plaintiff's motion to dismiss, we refer to the judgment of possession, without accompanying references to the denial of the request for judicial notice, and the denial of the defendant's motion to reargue as the decisions from which the defendant has appealed.

[7] The defendant was granted an extension of time to file his opposition to the plaintiff's motion to dismiss.

must fully resolve it before proceeding further with the case. . . . If it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." (Footnote omitted; internal quotation marks omitted.) *U.S. Bank Trust, N.A.* v. *Healey*, 224 Conn. App. 867, 872–73, 315 A.3d 1112, cert. denied, 350 Conn. 910, 324 A.3d 141 (2024).

The defendant's removal of the present action to the District Court prior to the start of trial, as well as the District Court's subsequent remand of the present action to the Superior Court, materially affect our examination of the plaintiff's claims. " 'Removal is effective upon filing a notice of removal in both the relevant federal and state courts, and providing notice to the other parties. 28 U.S.C. § 1446 (a) [and] (d). At that time, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446 (d). "A proper filing of a notice of removal immediately strips the state court of its jurisdiction." *Yarnevic* v. *Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996). Thus, even if a case is later remanded, it is under the sole jurisdiction of the federal court from the time of filing until the court remands it back to state court.' *In re Diet Drugs*, 282 F.3d 220, 231 n.6 (3d Cir. 2002)."[8] *Wells Fargo Bank, N.A.* v. *Tarzia*, 186 Conn. App. 800, 804– 805 n.4, 201 A.3d 511 (2019). "When . . . a certified copy of a remand to state court is mailed to the state

---

[8] We note that repeated removals of an action to federal court may subject a litigant to sanctions, such as a prohibitory order. See, e.g., *Hatcher* v. *Ferguson*, 664 Fed. Appx. 308, 309, 311 (4th Cir. 2016) (affirming order prohibiting litigant from attempting future removals of particular state court action following litigant's third removal to federal court); *Miles* v. *Miles*, supra, 2012 WL 3542319, *1 (barring litigant from filing additional removal petitions with respect to particular state court action in conjunction with order remanding action, for lack of subject matter jurisdiction, to state court for second time). Moreover, 28 U.S.C. § 1447 (c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . . ."

court clerk, 28 U.S.C. § 1447 (c)[9] authorizes the state court to proceed again with the case. See *Ins. Co. of Pennsylvania* v. *Waterfield*, 102 Conn. App. 277, 283, 925 A.2d 451 (2007) (under plain language of 28 U.S.C. § 1447, state court has subject matter jurisdiction to proceed as soon as remand effected)." (Footnote added.) *Massad* v. *Greaves*, 116 Conn. App. 672, 678, 977 A.2d 662, cert. denied, 293 Conn. 938, 981 A.2d 1079 (2009), cert. denied, 560 U.S. 904, 130 S. Ct. 3276, 176 L. Ed. 2d 1183 (2010); see also *Shapiro* v. *Logistec USA, Inc.*, supra, 412 F.3d 312 (federal court's jurisdiction terminates when remand order issued under 28 U.S.C. § 1447 (c), which provision " 'is not self-executing,' " has been mailed to state court).

## I

We first address the plaintiff's claim that this appeal is jurisdictionally late pursuant to § 47a-35 (b). The defendant argues that (1) his appeal from the denial of his motion to reargue is timely in light of the fee waiver application that he had filed, and the trial court had granted, before he had filed this appeal, and (2) he had moved for permission to file a late appeal from the judgment of possession.[10] For the reasons that follow,

[9] Title 28 of the United States Code, § 1447 (c), provides: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

[10] On October 16, 2024, after the plaintiff had moved to dismiss this appeal, the defendant filed a motion for permission to file a late appeal in which he maintained that this appeal was (1) timely, insofar as he had appealed from the denial of his motion to reargue, and (2) untimely, insofar as he had appealed from the judgment of possession, but that good cause existed to warrant a belated appeal therefrom. On February 5, 2025, we ordered that no action was necessary on the defendant's motion for permission to file a late appeal following our denial of the plaintiff's motion to dismiss.

we conclude that this appeal is timely pursuant to § 47a-35 (b).

Section 47a-35 provides: "(a) Execution shall be stayed for five days from the date judgment has been rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days.

"(b) No appeal shall be taken except within such five-day period. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 47a-35a. If execution has not been stayed, as provided in this subsection, execution may then issue, except as otherwise provided in sections 47a-36 to 47a-41, inclusive."

"Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed. . . .

"Appeals in summary [process] proceedings are governed by the statutes specifically relating thereto rather than statutes relating to appeals generally. . . . Thus, parties must comply with the five day appeal period pursuant to § 47a-35, rather than with the general twenty day appeal period provided in Practice Book § 63-1 (a).[11] The requirement that appeals in summary

---

[11] Practice Book § 63-1 (a) provides in relevant part that, "[u]nless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . ."

process actions comply with § 47a-35 is jurisdictional. . . . Therefore, compliance with its mandate is a necessary prerequisite to an appellate court's subject matter jurisdiction." (Citation omitted; emphasis omitted; footnote added; internal quotation marks omitted.) *Housing Authority* v. *Parks*, 211 Conn. App. 528, 530–31, 273 A.3d 245 (2022); see also *HUD/Barbour-Waverly* v. *Wilson*, 235 Conn. 650, 659, 668 A.2d 1309 (1995) ("[i]n light of the plain language of § 47a-35, the fact that the summary process statutes are in derogation of common law and the legislative policy in favor of the swift resolution of disputes between landlords and tenants regarding rights of possession, we conclude that an appeal pursuant to § 47a-35 must be brought within five days of the rendering of a summary process judgment"); *Three Deer Associates Ltd. Partnership* v. *Johnson*, 223 Conn. App. 544, 549–50 and n.3, 308 A.3d 1109 (2024) (this court lacked jurisdiction over late portion of appeal challenging stipulated summary process judgment but had jurisdiction over remaining portion of appeal challenging denial of motion to open judgment when appeal was filed within five day statutory appeal period that arose following denial of motion); cf. *Centrix Management Co.*, *LLC* v. *Fosberg*, 218 Conn. App. 206, 214–15, 291 A.3d 185 (2023) (twenty day appeal period of Practice Book § 63-1, rather than five day appeal period of § 47a-35 (b), applied to postjudgment award of attorney's fees pursuant to General Statutes § 42-150bb in summary process action because postjudgment motion for statutory attorney's fees did not challenge underlying judgment of possession but, rather, was "a separate ancillary proceeding distinct from the judgment of possession rendered pursuant to the summary process statutes").

Pursuant to Practice Book § 63-1 (c) (1),[12] the filing of certain motions during an appeal period functions

---

[12] Practice Book § 63-1 (c) (1) provides: "If a motion is filed within the appeal period that, if granted, would render the judgment, decision or accep-

to create a new appeal period after the motions are resolved as detailed in the provision. Section 63-1 (c) (1) applies to summary process actions. See, e.g., *Atlantic St. Heritage Associates, LLC* v. *Bologna*, 204 Conn. App. 163, 170, 252 A.3d 881 (2021) (new five day appeal period was created as to judgment of possession following issuance of notice of trial court's denial of motion to open judgment, which motion was filed within original five day appeal period). In addition to encompassing motions that, if granted, would render the judgment or decision "ineffective," § 63-1 (c) (1) provides in relevant part that, "[i]f, within the appeal period, any motion is filed, pursuant to Section 63-6 or 63-7, seeking waiver of fees, costs and security or appointment of counsel, a new twenty day appeal period or statutory period for filing the appeal shall begin on the day that notice of

tance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion, except as provided for additur or remittitur in the next paragraph.

"If a motion for additur or remittitur is filed within the appeal period and granted, a new twenty day appeal period shall begin upon the earlier of (A) acceptance of the additur or remittitur or (B) expiration of the time set for the acceptance. If the motion is denied, the new appeal period shall begin on the day that notice of the ruling is given.

"Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include, but are not limited to, motions that seek: the opening or setting aside of the judgment; a new trial; the setting aside of the verdict; judgment notwithstanding the verdict; reargument of the judgment or decision; collateral source reduction; additur; remittitur; or any alteration of the terms of the judgment. Motions that do not give rise to a new appeal period include those that seek: clarification or articulation, as opposed to alteration, of the terms of the judgment or decision; a written or transcribed statement of the trial court's decision; or reargument of a motion listed in the previous paragraph.

"If, within the appeal period, any motion is filed, pursuant to Section 63-6 or 63-7, seeking waiver of fees, costs and security or appointment of counsel, a new twenty day appeal period or statutory period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion. If a party files, pursuant to Section 66-6, a motion for review of any such motion, the new appeal period shall begin on the day that notice of the ruling is given on the motion for review."

the ruling is given on the last such outstanding motion. If a party files, pursuant to Section 66-6, a motion for review of any such motion, the new appeal period shall begin on the day that notice of the ruling is given on the motion for review.''

The following additional procedural history is relevant to our resolution of the plaintiff's timeliness claim. The defendant did not attempt to file an appeal within the five day appeal period that arose following the judgment of possession rendered on August 14, 2024, or the separate five day appeal period that followed the denial of his motion to reargue on August 30, 2024.[13] On September 4, 2024, the defendant attempted to file an appeal; however, that appeal was rejected by the Office of the Appellate Clerk on September 5, 2024, because the defendant did not pay the requisite filing fee or submit a fee waiver. Additionally, on September 4, 2024, the defendant filed with the trial court a fee waiver application, which the court, *Menjivar, J.*, denied on September 6, 2024. On September 9, 2024, the defendant timely requested a hearing on the denied fee waiver application.[14] On September 13, 2024, the trial court

[13] The defendant filed the motion to reargue outside of the five day appeal period vis-à-vis the judgment of possession, and, therefore, the denial of the motion to reargue did not create a new appeal period as to the judgment of possession. See Practice Book § 63-1 (c) (1); see also *Three Deer Associates Ltd. Partnership* v. *Johnson*, supra, 223 Conn. App. 549–50 and n.3 (this court lacked jurisdiction over late portion of appeal from stipulated summary process judgment but had jurisdiction over remaining, timely portion of appeal from denial of motion to open judgment); *Housing Authority* v. *Parks*, supra, 211 Conn. App. 533–34 (denial of motion to reargue filed outside of five day appeal period with respect to judgment of dismissal of summary process action did not give rise to new appeal period as to judgment of dismissal).

[14] See Practice Book § 63-6 (''If the [fee waiver] application is denied in whole or in part, and the applicant wishes to challenge that denial, the applicant shall file a written request for a hearing, pursuant to Section 8-2, within ten days of the issuance of notice of the denial of the application. The clerk of the trial court shall assign the application for a hearing within twenty days of the filing of the request and the judicial authority shall act promptly on the application following the hearing.'').

clerk assigned the denied application for a hearing scheduled for September 24, 2024, with the hearing later being rescheduled to September 25, 2024. On September 25, 2024, following a hearing, the court, *Lynch, J.*, granted the fee waiver application. On October 1, 2024, the defendant again attempted to file an appeal; however, that appeal was rejected by the Office of the Appellate Clerk that same day for reasons that we detail later in this opinion. On October 2, 2024, the defendant successfully filed this appeal.

At this juncture, we consider the ramifications of the defendant's removal of the present action to the District Court on August 13, 2024, and the District Court's remand of the present action to the Superior Court on September 11, 2024.[15] In doing so, we are guided by this court's decision in *Knutson Mortgage Corp.* v. *Salata*, 55 Conn. App. 784, 740 A.2d 918 (1999). In *Salata*, within the appeal period that arose with respect to an order confirming a foreclosure sale (confirmation order), the defendant filed for bankruptcy, invoking the stay provisions of 11 U.S.C. § 362 (a) (1).[16] Id., 786–87. Approximately three months later, the plaintiff obtained relief from the bankruptcy stay. Id., 786. The next day, the defendant filed a motion to reargue the confirmation order. Id. The trial court denied the motion to reargue, and the defendant filed an appeal challenging both the

[15] We iterate that, although the District Court issued an order of remand on August 29, 2024, the District Court did not remand the present action to the Superior Court until September 11, 2024. See *Shapiro* v. *Logistec USA, Inc.*, supra, 412 F.3d 312; *Massad* v. *Greaves*, supra, 116 Conn. App. 678.

[16] Title 11 of the United States Code, § 362 (a), provides in relevant part: "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . ."

confirmation order and the denial of the motion to reargue. Id. The plaintiff moved to dismiss the appeal as untimely. Id., 785. This court denied the motion to dismiss, concluding that (1) the defendant's bankruptcy filing stayed the appeal period attendant to the confirmation order because the bankruptcy stay prohibited the filing of an appeal, thereby preventing the appeal period from running, and (2) after the bankruptcy stay had been lifted, the defendant filed the motion to reargue within the appeal period that had restarted and later filed a timely appeal following the denial of that motion. Id., 788.

We deem the rationale in *Salata* to be compelling and applicable to the circumstances of present action. In *Salata*, a bankruptcy stay prohibited the filing of an appeal from the confirmation order until the stay had been lifted, thereby preventing the relevant appeal period from running in the interim. Id. Similarly, after the defendant had removed the present action to the District Court on August 13, 2024, thereby "immediately strip[ping] the state court of its jurisdiction"; (internal quotation marks omitted) *Wells Fargo Bank*, *N.A.* v. *Tarzia*, supra, 186 Conn. App. 805 n.4; no appeal could have been filed as to the August 14, 2024 judgment of possession or the August 30, 2024 denial of the defendant's motion to reargue until the District Court had remanded the present action to the Superior Court on September 11, 2024, whereupon the District Court's sole jurisdiction over the present action was terminated. See 28 U.S.C. §§ 1446 (d) and 1447 (c) (2018). It follows, therefore, that the respective five day appeal periods that arose as to the judgment of possession and the denial of the motion to reargue were stayed until September 11, 2024.

We now turn to the events that transpired following the District Court's remand of the present action to the Superior Court on September 11, 2024. No appeal or

motion pursuant to Practice Book § 63-1 (c) (1) was filed within five days—excluding the intervening Sunday—after the remand.[17] At the time of the remand, however, there were ongoing proceedings in the trial court in connection with the defendant's fee waiver application filed on September 4, 2024, and initially denied on September 6, 2024. Two days prior to the remand, on September 9, 2024, the defendant requested a hearing on the denied fee waiver application, and two days following the remand, on September 13, 2024, the trial court clerk assigned the denied application for a hearing to be held on September 24, 2024. On September 13, 2024, the defendant filed a caseflow request seeking to reschedule the hearing, which request the trial court, *Roraback, J.*, granted on September 16, 2024, rescheduling the hearing to September 25, 2024. On the day of the hearing, the trial court, *Lynch, J.*, granted the fee waiver application.

We are cognizant of the fact that, for purposes of invoking the operation of Practice Book § 63-1 (c) (1), no fee waiver application was filed within the respective appeal periods of the judgment of possession and the denial of the defendant's motion to reargue once they began to run upon the District Court's remand of the present action to the Superior Court. Nevertheless, under the limited and unique circumstances before us, where the trial court was engaged in ongoing proceedings on the defendant's September 4, 2024 fee waiver

---

[17] Within this time period, the defendant (1) moved to disqualify Judge Lobo and Judge Menjivar from presiding over any additional proceedings in the present action and (2) filed a notice of bankruptcy, as later amended. The motions to disqualify are of no moment to our analysis because, if granted, no judgment or decision would have been rendered ineffective. See Practice Book § 63-1 (c) (1). As for the bankruptcy notice, as amended, the defendant claimed that a bankruptcy stay was in effect because a non-party named Alfonso Amelio, who had an alleged financial interest in the premises, had filed for bankruptcy. We deem the bankruptcy filing by a nonparty, which neither party addresses in connection with the plaintiff's motion to dismiss, to be immaterial to the timeliness issue before us.

application at the time of the remand, we conclude that treating that fee waiver application as if it had been filed timely upon remand is appropriate. Indeed, concluding otherwise would suggest that the defendant was required to file another fee waiver application within the five day appeal periods following the remand in order to activate the provisions of § 63-1 (c) (1), which would be an unreasonable requirement when, after the remand, (1) the trial court clerk assigned the fee waiver application, which was initially denied on September 6, 2024, for a hearing and (2) the trial court, following the hearing, granted the fee waiver application. Accordingly, we conclude that, following the trial court's September 25, 2024 grant of the fee waiver application,[18] new five day appeal periods arose vis-à-vis the judgment of possession and the denial of the motion to reargue pursuant to § 63-1 (c) (1). Excluding the intervening Sunday, the new appeal periods expired on October 1, 2024.

Finally, we now must address the fact that the defendant arguably filed this appeal on October 2, 2024, one day following the expiration of the new five day appeal periods. Again emphasizing the limited and unique circumstances of the present action, we deem this appeal to have been timely filed on October 1, 2024.

The record reveals that, on October 1, 2024, the defendant attempted to file a timely appeal, submitting an appeal form (October 1, 2024 appeal form) accompanied by the fee waiver granted by the trial court in the present action on September 25, 2024. The fee waiver

---

[18] Notice of the trial court's September 25, 2024 grant of the fee waiver application was issued that same day. See Practice Book § 63-1 (c) (1) ("[i]f, within the appeal period, any motion is filed, pursuant to Section 63-6 or 63-7, seeking waiver of fees, costs and security or appointment of counsel, a new twenty day appeal period or statutory period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion").

listed the docket number for the present action only, whereas the October 1, 2024 appeal form listed the docket numbers for both the present action and the separate summary process action (separate action) commenced by the plaintiff against the defendant. See footnote 2 of this opinion. On October 1, 2024, the Office of the Appellate Clerk rejected that appeal for nonpayment of the requisite filing fee[19] stemming from the mismatch between the two docket numbers listed on the October 1, 2024 appeal form and the single docket number listed on the fee waiver. See Practice Book § 60-7 (b) ("At the time of filing, the appellant must (1) pay all required fees; or (2) upload a signed application for waiver of fees and the order of the trial court granting the fee waiver; or (3) certify that no fees are required. Any document that requires payment of a fee as a condition of filing may be returned or rejected for noncompliance with the Rules of Appellate Procedure.") In other words, the defendant appeared to be relying on the fee waiver granted in the present action *only* to appeal from (1) the judgment of possession rendered in the present action, along with the denial of his motion to reargue, *and* (2) the judgment of possession rendered in the separate action; however, without a separate fee waiver granted in the separate action, the defendant could not forgo payment of the filing fee required in order to appeal from the judgment rendered in the separate action.[20] The next day, the defendant

---

[19] When an appeal is rejected for nonpayment of the requisite filing fee, an appellate docket number is generated by the electronic filing system but the Office of the Appellate Clerk will not accept any filings under that docket number because the appeal is deemed to be disposed.

[20] Effective January 1, 2025, our rules of appellate procedure were amended to clarify that, "if an appellant is using a fee waiver for a joint appeal, a granted waiver is required for each trial court docket number being appealed." Practice Book § 61-7, commentary; see Practice Book § 61-7 (a) (3) ("In the case of a joint appeal, only one entry fee is required. The appellant filing the appeal shall pay the entry fee. If using a fee waiver for a joint appeal, a granted waiver is required for each trial court docket number being appealed.").

properly filed this appeal, with both the appeal form (October 2, 2024 appeal form) and the appended fee waiver listing the docket number for the present action only.

It is apparent that, on October 1, 2024, the defendant attempted to file a timely and proper appeal with respect to the present action as reflected by his October 1, 2024 appeal form, as well as the accompanying fee waiver, which both listed the docket number for the present action. We conclude, under the limited and unique circumstances presented here, that the error in the October 1, 2024 appeal form—the improper inclusion of two docket numbers—did not mandate *rejection* of the appeal for nonpayment of the requisite filing fee; instead, the appeal should have remained pending and the *October 1, 2024 appeal form should have been returned* as a result of the error. See *Pritchard* v. *Pritchard*, 281 Conn. 262, 275, 914 A.2d 1025 (2007) ("[T]he forms for appeals and amended appeals do not in any way implicate appellate subject matter jurisdiction. They are merely the formal, technical vehicles by which parties seek to invoke that jurisdiction. Compliance with them need not be perfect; it is the substance that matters, not the form."). Pursuant to Practice Book (2024) § 62-7 (a),[21] if the Office of the Appellate Clerk *returns* any papers that are timely but noncompliant

---

[21] Practice Book (2024) § 62-7 (a) provides: "It is the responsibility of counsel of record to file papers in a timely manner and in the proper form. The appellate clerk may return any papers filed in a form not in compliance with these rules; in returning, the appellate clerk shall indicate how the papers have failed to comply. The clerk shall note the date on which they were received before returning them, and shall retain an electronic copy thereof. Any papers correcting a timely, noncomplying filing shall be deemed to be timely filed if a complying document is refiled with the appellate clerk within fifteen days of the official notice date, which is the notice date indicated on the return form. The official notice date is not the date the return form is received. Subsequent returns for the same filing will not initiate a new fifteen day refiling period. The time for responding to any such paper shall not start to run until a complying paper is filed."

with the rules of appellate procedure, then "[a]ny papers correcting [the] timely, noncomplying filing shall be deemed to be timely filed if a complying document is refiled . . . within fifteen days . . . ." The defendant could then have filed a corrected appeal form that properly listed only the docket number for the present action.

On the basis of the record, we deem this appeal to have been timely filed on October 1, 2024, because (1) the defendant attempted to file a timely and proper appeal vis-à-vis the present action on October 1, 2024, which appeal, notwithstanding an error in the October 1, 2024 appeal form, should have remained pending rather than been rejected, (2) the October 1, 2024 appeal form should have been returned on the basis of the error contained therein, and (3) treating the October 1, 2024 appeal form as if it had been returned, the error in the October 1, 2024 appeal form was corrected by the October 2, 2024 appeal form within the time allowed by Practice Book (2024) § 62-7 (a).[22]

In sum, we conclude that this appeal is timely pursuant to § 47a-35 (b).

## II

We next address the plaintiff's claim that this appeal is moot on the basis that the defendant is no longer in possession of the premises. The defendant argues that this appeal is not moot because (1) he is claiming on the merits of this appeal that the trial court improperly

---

[22] We note that, pursuant to Practice Book § 60-2, this court "may . . . on its own motion or upon motion of any party . . . (5) order that a party for good cause shown may file a late appeal . . . unless the court lacks jurisdiction to allow the late filing . . . ." Our decision today does not, in contravention of § 60-2 (5), permit the late filing of an appeal that is jurisdictionally late; rather, for the reasons that we delineated, we hold that this appeal is deemed to have been timely filed on October 1, 2024.

conducted proceedings while the present action, following removal on August 13, 2024, was pending before the District Court and (2) possession of the premises may be restored to him following this court's adjudication of the merits. We conclude that this appeal is not moot.

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [A] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case." (Internal quotation marks omitted.) *Brookstone Homes, LLC* v. *Merco Holdings, LLC,* 208 Conn. App. 789, 798–99, 266 A.3d 921 (2021).

"Summary process appeals are particularly susceptible to becoming moot upon some action taken by the parties. . . . As a general matter, this court has concluded that an appeal has become moot when, at the time of the appeal, an appellant no longer is in possession of the premises. . . . As our Supreme Court has explained, that general rule does not apply when an

appellant can demonstrate that the judgment has potentially prejudicial collateral consequences to the defendant. . . . Such collateral consequences include the impairment of a party's ability to seek a writ of restoration, which allows a tenant wrongly evicted to be restored to the premises . . . .

"Almost two centuries ago, this state's highest court recognized that a party to a summary process action that wrongly is dispossessed of leased property is clearly entitled to a writ restoring him to the possession thereof, provided that the term of the lease has not yet expired. . . . As [our] Supreme Court observed, courts have been in the habit of awarding such writs . . . . If therefore, the tenant has been [wrongly] dispossessed of his property, both justice and authority require, that he be restored." (Citations omitted; internal quotation marks omitted.) *Bridgeport* v. *Grace Building, LLC*, 181 Conn. App. 280, 295–96, 186 A.3d 754 (2018).

In the present action, per the plaintiff's representation, the parties' lease for the premises does not expire until December 31, 2027. See footnote 3 of this opinion. Moreover, according to his preliminary statement of the issues and his opposition to the plaintiff's motion to dismiss, the defendant intends to claim on the merits of this appeal that he is entitled to restoration to the premises because the trial court improperly rendered the judgment of possession, which thereafter led to the issuance of the summary process execution for possession, while the present action was pending before the District Court following removal. If the defendant is successful on the merits of this appeal, then "an avenue of practical relief remains viable under Connecticut precedent, in the form of a writ of restoration." *Bridgeport* v. *Grace Building, LLC*, supra, 181

Conn. App. 298. Accordingly, we conclude that this appeal is not moot.

The motion to dismiss is denied.

In this opinion the other judges concurred.