******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EDWARD A. WILLIAMS III, TRUSTEE *v.*
EDNA M. WILLIAMS
(AC 49542)

Moll, Suarez and Clark, Js.

*Syllabus*

The defendant appealed from the trial court's judgment of possession for the plaintiff in the plaintiff's summary process action, and the plaintiff moved to dismiss the appeal for lack of subject matter jurisdiction. The plaintiff claimed that the appeal was jurisdictionally late pursuant to statute (§ 47a-35 (b)). *Held*:

The defendant's appeal was timely pursuant to § 47a-35 (b), as a new five day appeal period with respect to the judgment of possession arose, pursuant to the rule of practice (§ 63-1 (c) (1)) governing the creation of new appeal periods, following the trial court's denial of the defendant's timely motion to reargue and reconsider the judgment, and the appeal was filed within that new five day appeal period.

Considered April 22—officially released June 9, 2026

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Thomas, J.*; judgment for the plaintiff; thereafter, the court, *Thomas, J.*, denied the defendant's motion to reargue, and the defendant appealed to this court; subsequently, the plaintiff filed a motion to dismiss the appeal. *Motion to dismiss appeal denied.*

*Andrea L. Truppa*, in support of the motion.

*Edna M. Williams*, self-represented, in opposition to the motion.

*Opinion*

MOLL, J. In this summary process action, the self-represented defendant, Edna M. Williams, appeals from the judgment of possession rendered by the trial court in favor of the plaintiff, Edward A. Williams III, trustee of the Agnes C. Williams Living Trust. On January 21, 2026, the plaintiff moved to dismiss this appeal for lack of subject matter jurisdiction on the ground that

it is jurisdictionally late pursuant to General Statutes §47a-35 (b).[1] On April 22, 2026, we denied the plaintiff's motion to dismiss and indicated that an opinion would follow. This opinion sets forth the reasoning for our decision.

The following procedural history is relevant to our resolution of the plaintiff's motion to dismiss. In August 2025, the plaintiff commenced this summary process action against the defendant with respect to property located at 465 Old Slocum Road in Hebron (premises). The sole ground alleged by the plaintiff in support of his complaint was that the defendant originally had the right or privilege to occupy the premises but that such right or privilege has terminated. See General Statutes §47a-23 (a)(3).[2] The defendant answered the complaint

[1] General Statutes §47a-35 provides: "(a) Execution shall be stayed for five days from the date judgment has been rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days.

"(b) No appeal shall be taken except within such five-day period. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 47a-35a. If execution has not been stayed, as provided in this subsection, execution may then issue, except as otherwise provided in sections 47a-36 to 47a-41, inclusive."

[2] General Statutes §47a-23 provides in relevant part: "(a) When the owner or lessor, or the owner's or lessor's legal representative, or the owner's or lessor's attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land or building, any apartment in any building, any dwelling unit, any trailer, or any land upon which a trailer is used or stands, and . . . (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated . . . such owner or lessor, or such owner's or lessor's legal representative, or such owner's or lessor's attorney-at-law, or in-fact, shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, apartment or dwelling unit, at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy. . . ."

Section 47a-23 was amended following the commencement of the present action; see Public Acts 2025, No. 25-78, §18; Public Acts, Spec. Sess., November 2025, No. 25-1, §37; however, those amendments

and asserted several special defenses, which the plaintiff denied.

On January 5, 2026, following trial, the trial court, *Thomas*, *J.*, rendered a judgment of possession in the plaintiff's favor, with the court granting the defendant a stay of execution through February 16, 2026. On January 12, 2026, the defendant filed a motion to reargue and reconsider, which the court denied on January 14, 2026. On January 20, 2026, the defendant filed this appeal from the judgment of possession.

In moving to dismiss this appeal as jurisdictionally late pursuant to §47a-35 (b), the plaintiff asserts that **(1)** the court rendered the judgment of possession on January 5, 2026, and **(2)** the defendant filed this appeal on January 20, 2026, beyond the five day appeal period. In an opposition filed in response to the plaintiff's motion, the defendant argues that **(1)** she filed a motion to reargue and reconsider the judgment of possession within the five day appeal period, which, she posits, tolled the appeal period pending a ruling on the motion, and **(2)** she timely filed this appeal within the five day appeal period that followed the denial of her motion to reargue and reconsider. We conclude that this appeal is timely pursuant to §47a-35 (b).

Section 47a-35 provides: "(a) Execution shall be stayed for five days from the date judgment has been rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days.

"(b) No appeal shall be taken except within such five-day period. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay or unless the defendant fails to give bond, as provided in section 47a-35a. If execution has not been stayed, as provided in this subsection, execution may then issue,

---

have no bearing on our resolution of the plaintiff's motion to dismiss. Accordingly, we refer to the current revision of the statute.

except as otherwise provided in sections 47a-36 to 47a-41, inclusive.”

“Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed. . . .

“Appeals in summary [process] proceedings are governed by the statutes specifically relating thereto rather than statutes relating to appeals generally. . . . Thus, parties must comply with the five day appeal period pursuant to § 47a-35, rather than with the general twenty day appeal period provided in Practice Book § 63-1 (a).[3] The requirement that appeals in summary process actions comply with § 47a-35 is jurisdictional. . . . Therefore, compliance with its mandate is a necessary prerequisite to an appellate court’s subject matter jurisdiction.” (Footnote in original; internal quotation marks omitted.) *62-64 Bank Street, LLC* v. *Amelio*, 232 Conn. App. 550, 559, 336 A.3d 1261 (2025).

Against that legal backdrop, we turn to the circumstances of the present action. On Monday, January 5, 2026,[4] the court rendered the judgment of possession, and notice thereof issued that same day. The terminal day of the ensuing five day appeal period was Saturday, January 10, 2026, a day on which the appellate clerk’s office was closed. See Practice Book § 63-2 (“[t]he appellate

---

[3]“Practice Book § 63-1 (a) provides in relevant part that, ‘[u]nless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . .’ ” *62-64 Bank Street, LLC* v. *Amelio*, 232 Conn. App. 550, 559 n.11, 336 A.3d 1261 (2025).

[4]We may take judicial notice of the particular days on which dates fall. See *Daley* v. *J.B. Hunt Transport, Inc.*, 187 Conn. App. 587, 590 n.5, 203 A.3d 635 (2019).

clerk's office shall be open from 8:30 a.m. until 5 p.m. on weekdays, with the exception of legal holidays and closures for exigent circumstances"). Pursuant to § 47a-35 (a) and (b), intervening Sundays and legal holidays are excluded when computing the five day appeal period of subsection (b); however, the statute is silent as to the consequences of the terminal day of the appeal period falling on a Saturday.

This particular issue was addressed by the Appellate Session of the Superior Court in *Evergreen Cooperative, Inc.* v. *Michel*, 36 Conn. Supp. 541, 418 A.2d 99 (App. Sess. 1980). In *Michel*, a summary process appeal, the trial court rendered judgment for the plaintiff on Monday, September 24, 1979. Id., 542. Pursuant to § 47a-35,[5] the terminal day of the ensuing five day appeal period was Saturday, September 29, 1979, on which day the trial court clerks' offices were closed. Id. The defendant filed an appeal from the judgment on Monday, October 1, 1979, "in accordance with [Practice Book (1978) § 405, the predecessor to Practice Book § 7-17], which allows any matter due on a day when the [trial court] clerk's office is closed to be filed on the next business day that the office is open." Id. The plaintiff claimed that the appeal was jurisdictionally late because the defendant filed it outside of the five day appeal period. Id., 541−42. In particular, the plaintiff maintained that "when the terminal day [of the five day appeal period] falls on Saturday the appeal must be taken within four days from the date of judgment." Id., 542.

The Appellate Session of the Superior Court rejected the plaintiff's claim. Id. First, the court observed that,

---

[5]General Statutes (Rev. to 1979) § 47a-35, which was in effect at the time that judgment was rendered in *Michel*, provides in relevant part: "Execution shall be stayed for five days from the date judgment has been rendered, but any Sunday or legal holiday intervening shall be excluded in computing such five days. No appeal shall be taken except within said period . . . ."

Although the statute subsequently was amended; see Public Acts 1979, No. 79-571, § 60; Public Acts 1980, No. 80-399, § 7; Public Acts 1996, No. 96-74, § 3; both the 1979 and current revisions of the statute

"[a]t common-law, when the terminal day for the performance of an act fell on a Sunday or a legal holiday, performance on the following day was permissible. . . . The reasons underlying the common-law rule are twofold: A party was not obligated to act before the date fixed for his performance . . . and he was powerless to act on terminal Sundays or legal holidays. . . . Sundays and legal holidays were not excluded from all computations of time. Intervening Sundays, for example, were always included in the computation. . . . Thus, by providing for the exclusion of intervening Sundays and legal holidays from the computation of time for appeals from summary process judgments, the legislature thereby extended the time for appeal by the corresponding business days. . . . If we assume that §47a-35 represents the legislative determination that five days is a reasonable time to evaluate the judgment and prepare the appeal papers, the exclusion of Sundays and holidays merely allows litigants five working days to prepare the appeal, while resting on Sundays and holidays, traditional days of rest. . . . In making this determination, the legislature was expressing no intent regarding terminal days which fell on days when the clerk's office was closed." (Citations omitted.) Id., 542–43.

The court then determined that "whether the appeal may be filed on the next business day when the terminal day falls on a Saturday is a matter of statutory construction. Taking an appeal requires action not only by the appellant; it also requires action by the clerk of court who is to receive the appeal. . . . It is impossible to file an appeal on the fifth day if the clerk's office is closed. Nothing in the language of the summary process statute suggests that in such circumstances the time within which the appeal is to be taken is limited to four days. Were we to take that view, the legislative will could be frustrated in every case by the simple device of always scheduling short calendar sessions in summary process actions on

set forth a five day appeal period with intervening Sundays and legal holidays excluded in computing the appeal period. Thus, in the interest of simplicity, we refer to the current revision of the statute.

Mondays. We hold that §47a-35 is to be construed so that when the fifth day falls on a day when the clerk's office is closed an appeal filed on the next business day is deemed to be filed within five days from the date of judgment." (Citation omitted.) Id., 543–44. The court further stated that, because "§47a-35 does not contain an express provision for extending the [five day] period, our construction of the statute does no more than ensure that litigants will, in all cases, have five days within which to file the appeal rather than the four days urged by the plaintiff for those whose judgment happened to be rendered on a Monday." Id., 544.

We deem the reasoning in *Michel* to be persuasive and adopt it in resolving the jurisdictional issue before us. Accordingly, we conclude that an appeal from the judgment of possession filed on Monday, January 12, 2026, would have been deemed to be timely filed within the five day appeal period that arose following the judgment.[6]

The defendant did not file an appeal from the judgment of possession on, or before, January 12, 2026; however, on that day, she filed a motion to reargue and reconsider the judgment. "Pursuant to Practice Book §63-1 (c) (1),[7] the filing of certain motions during an appeal period functions to create a new appeal period after the motions are resolved as detailed in the provision. Section 63-1 (c) (1) applies to summary process actions."

---

[6]Moreover, we note that our rules of practice provide that, "[w]hen the last day of any limitation of time for filing any document under these rules or an order of the court falls on a day when the office of the clerk of the trial court or of the appellate clerk is closed, the document may be filed on the next day when such office is open." Practice Book §63-2. This further supports our conclusion that an appeal from the judgment of possession filed on January 12, 2026, would have been treated as being timely filed within the five day appeal period that arose after the judgment. See *Young* v. *Young*, 249 Conn. 482, 495–96, 733 A.2d 835 (1999) (consulting rules of practice when §47a-35 was silent as to whether filing of motion to reargue within five day appeal period operated to toll appeal period).

[7]"Practice Book §63-1 (c) (1) provides: 'If a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the

(Footnote in original.) *62-64 Bank Street, LLC* v. *Amelio*, supra, 232 Conn. App. 560–61. "Section 63-1 does not enlarge or modify the statutory appeal period, but, rather, gives guidance in determining when the appeal period shall commence, and in the case of any motion, which, if granted, would allow the court to render a new judgment, when the new appeal period shall commence." *Young* v. *Young*, 249 Conn. 482, 495, 733 A.2d 835 (1999). Because the defendant filed the motion to reargue and reconsider on a day that, as we have concluded, an appeal taken from the judgment of possession would have been deemed to be timely filed within the five day appeal period, we likewise treat the motion to reargue and reconsider as having been filed within the appeal period. It necessarily follows that, pursuant to §63-1 (c) (1), a new five day appeal period as to the judgment of possession was created when notice of the court's

day that notice of the ruling is given on the last such outstanding motion, except as provided for additur or remittitur in the next paragraph.

'If a motion for additur or remittitur is filed within the appeal period and granted, a new twenty day appeal period shall begin upon the earlier of (A) acceptance of the additur or remittitur or (B) expiration of the time set for the acceptance. If the motion is denied, the new appeal period shall begin on the day that notice of the ruling is given.

'Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include, but are not limited to, motions that seek: the opening or setting aside of the judgment; a new trial; the setting aside of the verdict; judgment notwithstanding the verdict; reargument of the judgment or decision; collateral source reduction; additur; remittitur; or any alteration of the terms of the judgment. Motions that do not give rise to a new appeal period include those that seek: clarification or articulation, as opposed to alteration, of the terms of the judgment or decision; a written or transcribed statement of the trial court's decision; or reargument of a motion listed in the previous paragraph.

'If, within the appeal period, any motion is filed, pursuant to Section 63-6 or 63-7, seeking waiver of fees, costs and security or appointment of counsel, a new twenty day appeal period or statutory period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion. If a party files, pursuant to Section 66-6, a motion for review of any such motion, the new appeal period shall begin on the day that notice of the ruling is given on the motion for review.' " *62-64 Bank Street, LLC* v. *Amelio*, supra, 232 Conn. App. 560–61 n.12.

denial of the motion to reargue and reconsider issued on January 14, 2026. See id., 485–86, 496 (defendants' appeal from judgment of possession was timely when defendants filed appeal three days following denial of motion to reargue, which motion defendants filed three days after judgment).

We now address the defendant's filing of this appeal on January 20, 2026. Under §47a-35 (a) and (b), intervening Sundays and legal holidays are excluded when calculating the five day appeal period of subsection (b). There were two such intervening days that followed the issuance of notice of the court's January 14, 2026 denial of the defendant's motion to reargue and reconsider: (1) Sunday, January 18, 2026, and (2) Monday, January 19, 2026, which was Martin Luther King, Jr. Day, a legal holiday. Excluding those two days, the new five day appeal period attendant to the judgment of possession that arose following the denial of the motion to reargue and reconsider expired on January 21, 2026. Accordingly, we conclude that this appeal, filed within the new five day appeal period, is timely pursuant to §47a-35 (b).

The motion to dismiss is denied.

In this opinion the other judges concurred.